Judge Cabeei.
delivered the opinion of the Court.
The evidence in this cause sufficiently establishes, that the appellees are the bona fide owners of the bank notes in the bill mentioned: that the said notes were cut into two parts for the purpose of being transmitted by the mail; and that one half of each of the said notes was lost, in consequence thereof. The Chancellor, therefore, was clearly right, according to the case of The Bank of Virginia v. Ward, 6 Munf. 166, in giving to the appellees the amount of the said notes, on their entering into bond with adequate security, for the indemnity of the appellants.
The only questions are, as to the propriety of compelling the appellants to pay interest and costs.
*188 Interest is in the nature of damages for improperly withholding a débt, beyond the time when it ought to be paid. But the appellants were in no default whatever, in not pay- ^ notes jn tjjjg case. Banks are under no obligation t° seep 0U); their creditors; they are bound to pay only on a demand for payment made at their offices of discount and deposit. And in the case of the presentation of the moiety of a note, the demand for payment at the Bank, must be accompanied with such evidence of the ownership of the note, as ought to satisfy the Bank. The Bank of Virginia v. Ward, 6 Munf. 166. The demand in the case before us, was unaccompanied by any such evidence. That demand, therefore, imposed no obligation to pay the principal, and of course, could give no claim for interest. Sufficient evidence of ownership has been exhibited since the institution of this suit; but no demand of payment has been made at the Bank, since that evidence was taken. The appellees, therefore, are not yet in default, and consequently ought not to pay interest.
The question of costs is still plainer. Costs are given or withheld at the discretion of a Court of Chancery; and the sound exercise of this discretion forbids the imposition of costs on a party, in no'wise in the wrong.
The decree, therefore, is affirmed, so far as it directs the payment of the amount of the notes in the bill mentioned, but is to be reversed, so far as it directs the payment of interest and of costs by the appellants. And the appellants are to recover their costs, both in this Court and in the Court of Chancery.