The President, Directors, and Company of the State Bank of Illinois, appellants, *v.* John P. Aersten *et al.*, appellees.

*Appeal from Sangamon.*

The holder of a bank note, who has divided it, for the purpose of transmission by mail, and has lost one half, can recover of the maker the amount of the note, upon presentation of the other half.

*Semble,* That the severance of a note destroys its negotiability.

This cause was heard in the Court below, at the December term, 1841, before the Hon. Samuel H. Treat, and judgment rendered for the plaintiffs. The defendants appealed to this Court. The cause was submitted upon briefs.

Jesse B. Thomas, for the appellants.

J. Shields and J. C. Conkling, for the appllees.

Treat, Justice, delivered the opinion of the Court:

This was an action of *assumpsit,* brought by the appellees against the appellants. The declaration alleges that the appellees were the *bona fide* holders of a bank note made by the appellants, of the denomination of $100, (setting out the date and number, and particularly describing the note); that the note was divided by the appellees, into two parts, for the purpose of being transmitted by mail; that the agent of the appellees put the right hand half of the note into the postoffice at Charleston, Illinois, enclosed in a letter directed to the appellees, at Philadelphia; which letter, with the enclosure of the half note, was never received by them, but was lost; and that the appellees presented the left hand half to the appellants, demanding payment of the note, which was refused.

The appellants demurred to the declaration, and the Court overruled the demurrer. The appellants abiding by their demurrer, the Court rendered judgment against them for the amount of the note. An appeal is prosecuted to this Court, and the appellants assign for error, the decision of the Court in overruling the demurrer to the declaration.

The question for determination is, can the holder of a bank note, who has divided it for the purpose of transmission by mail,

and has lost one half, recover of the maker the amount of the note, upon presentation of the other half?

The rightful owner of a note or bill negotiable by delivery, cannot recover of the maker or acceptor, upon proof that it has been lost or stolen, for it may get into the hands of a third person, for a good consideration, and without any notice of the loss or larceny, who would be entitled to recover of the maker or acceptor, on the ground that if one of two innocent persons is to suffer, it should be the one who has occasioned the loss or injury. But where it is shown that the note or bill is destroyed, the owner can recover, for the maker or acceptor can never be called upon to make payment to any other person. (1)

Has there been such a destruction of the note in question, as to authorize a recovery by the appellees? This point has been fully, and we think satisfactorily determined, in the case of Hinsdale *v.* The Bank of Orange. (2) In that case, the plaintiffs, being the holders of bank notes issued by the defendants, cut them into two parts, and put the right hand halves into the postoffice, enclosed in a letter to their correspondent, which letter, with the enclosures, was received by him. The left hand halves were afterwards enclosed and directed in the same manner, but were never received.

The plaintiff presented the half notes received, and payment being refused, the Court gave judgment against the bank for the amount of the notes, and interest from the demand. The Court there decide, that the severance of the notes amounted to a destruction of their negotiability, and the plaintiffs presenting one set of the half notes, and showing themselves the owners of the whole notes, at the time they were divided, were entitled to recover, because the negotiability of the notes being at an end, the finder or holder of the lost halves, would have no right to claim payment of the makers. See also the cases of Patton *v.* Bank of South Carolina, (3) U. S. Bank *v.* Sill, (4) and Farmer's Bank *v.* Reynolds, (5) where the same doctrine is held.

In this case, the appellants, by abiding by their demurrer, admit the ownership of the appellees in the whole note, at the time it was severed, the presentation of one of the halves and the loss of the other. A half of a note not being negotiable, the appellants can never be injured by the production of the lost half. They are effectually protected against the finder or holder of the lost half, because he will be unable to show himself the owner of the half already presented.

The appellees are, therefore, clearly entitled to judgment.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) Chit. on Bills 279, 294.      (2) 6 Wend. 378.
(3) 2 Nott & M'Cord 464.      (4) 5 Conn. 106.
(5) 4 Rand. 186.