# Wheeling.

## THE EXCHANGE BANK OF VIRGINIA v. MORRALL.

### Decided April 24, 1880.

*1880
Special Term.*

*The Exchange
v.
Bank of Virginia
Morrall.*

1. Where a bill in equity is filed setting up a lost negotiable note and praying a decree against the maker and endorsers for the debt, &c., it is more safe, and more in conformity with what seems to be the general practice, to offer in the bill to give a proper indemnity under the direction of the court. Perhaps, however, this is not indispensible in all cases; but this question as to cases which may hereafter arise before this court is left open for further examination and consideration.

2. But it is indispensible in such cases, whether the plaintiff in his bill offers to give a proper indemnity under the direction of the court or not, that the court shall, where it decrees for the debt, require ample indemnity for the indemnity and protection of the makers and endorsers of such note, and each of them decreed against for the debt in whole or in part; and the court should provide in its decree substantially, that the plaintiff shall take no benefit thereof, until such indemnity be given.

3. It seems, it is not necessary, in order to maintain the suit in equity in such case, that the bond of indemnity should be tendered before suit is brought; still the question of costs in the case is for the court to determine according to equity.

4. In order to maintain a suit in equity setting up a lost negotiable note or bond and praying for a decree for the payment thereof, it is indispensible, where the loss of such note or bond is controverted by the answer of the defendants, that the loss should at the hearing of the cause be established by competent and satisfactory proofs. If therefore the plaintiff in such bill fails at the hearing to establish the loss of the instrument, in such case the suit will be dismissed.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Barbour, rendered on the 7th day of March, 1868, in a cause in chancery in said court then pending, wherein The Exchange Bank of Virginia was plaintiff, and Lair D. Morrall, Spencer Dayton, James T. Hartman and Elam D. Talbott were defendants, allowed upon the petition of said Morrall.

1880
Special Term.

The Exchange
Bank of Virginia
v.
Morrall.

Hon. T. W. Harrison, judge of the sixth judicial circuit, rendered the decree appealed from.

HAYMOND, JUDGE, furnishes the following statement of the case :

On the 25th day of June, 1866, the plaintiff commenced its suit against the defendants on the equity side of the circuit court of the county of Barbour.. The plaintiff filed its bill in the cause at the August rules, 1866. It is alleged in the bill, among other things, that on the 15th day of February, 1859, defendant, Spencer Dayton, of said county, made his negotiable note, payable at four months at said Exchange Bank of Virginia, at Weston, now in the State of West Virginia, for the sum of $600.00, to defendant, James T. Hartman, and that said Hartman endorsed said note to the defendant, Elam D. Talbott; and said Talbott endorsed said note to defendant, Lair D. Morrall; and that said Morrall endorsed the same to the plaintiff; that when said note became due and payable according to the tenor and effect thereof, to wit, on the 18th day of June, 1859, the same was presented at the office of discount and deposit of the said Exchange Bank of Virginia for payment, and the defendants, Dayton, nor either of the endorsers having any funds at the said bank, the said note was not paid, and the same was then and there protested for non-payment; that the costs of protest were $2.82 which was paid by plaintiff, and that notice of said protest was immediately given to the said endorsers by the officer who made the same, by mailing copies of said notice of protest to said

endorsers, and directing the same to their usual post-offices respectively; that after said note was protested for non-payment, suit was brought thereon in the circuit court of Barbour county on the common law side of said court; but before judgment could be recovered on said note, the same and all the papers connected with said suit were lost from the clerk's office of the said circuit court and have not been recovered; that no part of said note has been paid, except the sum of $173.41, which was paid on the 10th day of January, 1860. The bill makes said Dayton, Hartman, Talbott and Lair D. Morrall, defendants thereto, and prays that a decree be rendered against the said defendants for the amount of said note, the interest due thereon and charges of protest, subject to the credit aforesaid, and also contains a prayer for general relief. The bill is verified by the affidavit of R. J. McCandlish, the cashier, &c.

Subsequently the plaintiff filed an amended bill, in which it is alleged, that when the negotiable note mentioned in the original bill became due and payable, according to the tenor and effect thereof, to wit, on the 18th day of June, 1859, the same was presented at the office of discount and deposit of the said Exchange Bank of Virginia at Weston for payment; and the said Spencer Dayton, the maker of said note, nor James T. Hartman nor Elam D. Talbott nor Lair D. Morrall, the endorsers thereof, having any funds at the said bank, the said note was not paid; and the same was then and there duly protested for non-payment, to wit, on the day and year last aforesaid, &c.

General demurrers were filed to the said original and amended bills by the defendants Hartman, Morrall and Talbott which the court overruled.

In their joint answer the defendants, Hartman, Morrall and Talbott, among other things, " deny that said negotiable note ever existed, or that it was endorsed by them, or that the same was protested, or that they received notice of said protest, or that said note and pro-

test have been lost. The defendant, Dayton, in his answer admits the making of said note by him, but claims payments thereon of $173.41 on the 10th day of January, 1860, and of $30.00 on the 19th of April, 1867, and in effect denies that said note is lost.

The plaintiff took and filed the depositions of two witnesses to which I will hereafter refer. The defendant filed no depositions.

On the 7th day of March, 1868, the cause came on to be finally heard upon the bill and amended bill, answers of defendant and replications thereto, depositions and exhibits; and the court adjudged, ordered and decreed that the said defendants, Dayton and Morrall, pay to the complainant the sum of $602.82, the amount of the said note and charges of protest, with interest thereon from the 18th day of June, 1859, subject to a credit of $173.41 as of the 10th day of January, 1860, $30.00 paid April 19th, 1867, and the costs of the suit; and as to the defendants, Hartman and Talbott, the court dismissed the bill and gave them their costs against the plaintiff.

From and to this decree the defendant, Morrall, obtained an appeal and *supersedeas ;* and thus the case is before us for review and consideration.

*Frank Woods,* for appellant, relied on the following authorities:

1 Story Eq. Jur. §§ 85, 86; 2 Story Eq. Jur. § 1528; Adams Eq. §21, note; 2 Tuck. Com. §486; 17 Gratt. 187; 28 Gratt. 663; 3 Kent Com. §§ 94, 104; 1 Story Eq. Jur. § 89; Adams Eq. § 167.

No appearance for appellee.

HAYMOND, JUDGE, delivered the opinion of the Court:

The first and second errors assigned by the appellant are together substantially, that the court erred in overruling the demurrers to the original and amended bills. The appellant's third assignment of error is as follows:

1880
Special Term.

The Exchange
Bank of Virginia
v.
Morrall.

"In not dismissing the said bills on the hearing for want of jurisdiction, as there was no proof of loss of said note, or of any of the papers connected with said action at law for the same demand, and no ground of equitable jurisdiction existed."

Syllabus 1.

The counsel for the appellant in his brief, which is before us, says: "The demurrer to the bill should have been sustained, because it fails to offer a proper indemnity, and cites 1 Story Eq. Jur. §§ 85, 86, and said counsel fails to suggest any other error of the court in overruling said demurrer. Mr. Story in said section eighty five in speaking of negotiable notes does say: "In such a case therefore equity will entertain a bill for relief and payment, upon an offer in the bill to give a proper indemnity under the direction of the court, and not without. And such an offer entitles the court to require an indemnity, not strictly attainable at law, and finds a just jurisdiction;" and he cites authorities in note two. In the last clause of said section eighty six, Mr. Story says: "And a bond of indemnity under such circumstances is but a just security to the promisor against the vexation and accumulated expenses of a suit."

Adams in his excellent work on equity at side page 168 and top page 382, fourth American ed., says: "If however the bill or note be negotiable, it follows that a plaintiff alleging it to have been lost may in fact have assigned it to a third party, against whose claim the court of law cannot indemnify the debtor. For this reason it is held at law, that a plaintiff suing on a negotiable instrument shall not recover the amount, unless he delivers up the security. And therefore a court of equity, which can enforce a proper indemnity from the plaintiffs will entertain jurisdiction to compel payment, on such indemnity being given. If the security be not negotiable, its loss will not prevent the creditor from recovering at law, and will not therefore create a jurisdiction in equity."

In the case of the *Bank of Virginia* v. *Bland*, 6

Munf. 166, the bill avers substantially, that the plaintiff applied to the agents of the bank at Fredericksburg for payment of the said notes on or about the 4th of March, 1811, and offered to give the said president, directors and company bond and security, to indemnify them against any claim that might thereafter be exhibited against them on account of said notes; but there does not appear in the bill an offer to give proper indemnity under the direction of the court, or its equivalent.

In the case of *Farmers' Bank of Virginia* v. *Reynolds*, 4 Rand. 186, the bill contained substantially the same averment as in the case last cited; but still it does not appear from the report that the bill contained an offer to give " a proper indemnity under the direction of the court." And in this case the Court of Appeals held, that " when a bank note is cut in two, and one half sent by mail and lost, the holder of the remaining half has a right to demand payment at the bank upon presentation of the half in his possession, proving ownership, and giving bond with adequate security for the indemnification of the bank. But if these prerequisites are not complied with, and the bank is sued in consequence of refusing payment, the holder shall not recover interest or costs, although he may perform the conditions after the suit is brought." See opinion of the court in the case.

In the case of the *East India Co.* v. *Boddam*, 9 Ves. 464, which was a bill setting up a lost bond, it appears, that the plaintiff in the bill offered indemnity as the court should direct. And so in the case of *Tercese* v. *Geray*, Finch's R. 301; and so in the case of *Mossop* v. *Eadon*, 16 Ves. Jr. 430.

It seems it is not necessary, to maintain the suit in Syllabus 3. equity against the makers and endorsers of a negotiable note, that the bond of indemnity should be tendered before suit, still the question of costs is for the court to determine according to equity. But whether the proper indemnity, which the court may require, be offered in the

bill or not, certainly the court should not decree the payment of the debt without requiring the bond of indemnity to be executed. In the case in 4 Rand. 186, before cited, the court below entered a decree for the debt, &c., but in the decree suspended the effect of the decree, until the plaintiffs shall have entered into bond with good security to the defendants in the penalty of $420.00, &c. And the Court of Appeals did not find fault with the decree in this respect. I think it is more safe and more in conformity with what seems to be the general practice to offer in the bill to give a proper indemnity under the direction of the court, still I am not prepared to say in view of said cases in 6 Munf. and 4 Rand., that

in Virginia it is indispensible to make such offer in the bill, while it is indispensible that the court shall, where it decrees for the debt, in such a case require ample indemnity to be given for the indemnity and protection of the maker and endorsers of the note and each of them decreed against for the debt in whole or part. Indeed the plaintiff should have no benefit of the decree for the debt, &c., until proper indemnity is given, and generally the decree should so provide. While for the reason above stated I do not feel satisfied at this time that the plaintiffs' bill is fatally defective upon general demurrer for the said special reason assigned by the appellant's counsel in his brief, still I am free to say, that, if I could see that the appellant would in anywise be prejudiced by overruling said special reason assigned in his brief against the sufficiency of said bill, I would give the subject much more careful and full examination than I have; but as, under the view I take of the case in another material aspect, he cannot be prejudiced thereby, I now simply overrule said special reason assigned for the present in this case, but leave the question open in other cases hereafter, should they arise before this Court, when it may be more important to have a more thorough and full examination and consideration of the question. No other error is assigned or suggested by appellant in his brief or

otherwise before us to the decree of the court in over-ruling said demurrers; and the appellant's said assignments of error in the decree of the court in overruling the same are overruled.

1880
Special Term.

The Exchange
Bank of Virginia
v.
Morrall.

Syllabus 4.

In order to maintain a suit in equity, setting up a lost negotiable note or bond and praying for a decree for the payment thereof, it is indispensible, when the loss of such note or bond is controverted by the answer of the defendants, that the loss should at the hearing of the cause be established by competent and satisfactory proofs. If, therefore, the plaintiff in such bill fails at the hearing to establish the loss of the instrument, in such case the suit will be dismissed. 1 Story's Eq. Jur. § 85.

In the case at bar there is a total failure on the part of the plaintiff to prove the loss of the negotiable note in the bill mentioned. In fact it may in truth be said, that the plaintiff has made no effort whatever to prove the loss of said note. No evidence tending to prove that fact appears in the record of the cause, as it is before us; and no evidence appears tending to prove the loss of the alleged certificate of protest. There are other insufficiencies and defects in the plaintiff's evidence as against the endorsers of said note in the bill mentioned, but it is immaterial and unnecessary to specify or further refer to them, as they are immaterial in the absence of proof as to the loss of said negotiable note.

For the foregoing reasons there is error in the said decree of the circuit court of the county of Barbour, rendered in this cause on the said 7th day of March, 1868; and the same must therefore be reversed, and the appellee, The Exchange Bank of Virginia, pay to the appellant, Lair D. Morrall, his costs about the prosecution of his appeal and *supersedeas* in this cause in this Court expended. And this Court proceeding to render such decree as said circuit court should have rendered, it is, for the reason that the plaintiff has failed to prove the loss of the negotiable note in the bill mentioned, adjudged, ordered and decreed, that the plaintiffs' original and amended bills

filed in this cause be dismissed, and that the plaintiff, the said Exchange Bank of Virginia, do pay to the defendants their costs about their defence in this suit in the circuit court of the county of Barbour expended.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.