# CHARLESTON.

## ARTHUR *v.* INGELS.

### (LUCAS, PRESIDENT, absent.)

Submitted January 16, 1891.—Decided January 31, 1891.

DETINUE—DEATH OF PROPERTY SUED FOR—JUDGMENT.

In an action of detinue, where the sole plea interposed is *non detinet,* and the property sued for dies during the pendency of the suit without fault of the defendant, the plaintiff may recover the alternate value of the property, unless the matter is brought to the attention of the court by a plea *puis darrein continuance.*

*Simms & Enslow* for plaintiffs in error, cited: Code, c. 102; Id., c. 59; 2 Tuck. Comm. 83; 1 Ala. 151; 2 Dana 332; Gilm. 341; 1 Leigh 472; 12 Leigh 502 505; 7 Gratt. 373; Code, c. 50, s. 171, 173; 2 Bibb. 221.

*Campbell & Holt* for defendant in error, cited 2 Min. Inst. 448; Code, c. 50, ss. 26, 171, 173.

ENGLISH, JUDGE :

On the 2d day of August, 1888, J. H. Arthur brought an action of detinue against Frank Ingels before J. W. TAYLOR, a justice of the peace of the county of Cabell, for the recovery of the possession of one horse, of the value of one hundred dollars, and a one horse wagon, of the value of forty dollars, and ten dollars damages for the detention thereof. On the 18th of August the defendant appeared and pleaded *non detinet;* and the court after hearing all the evidence was of the opinion that the plaintiff was entitled to recover of the defendant the possession of the horse and wagon mentioned in the summons, and gave judgment for said horse and wagon, if they could be found; if not, then for one hundred and forty dollars, their alternate value— and ten dollars damages for its detention, with interest and costs of suit. On the 22d day of August the defendant

filed an appeal-bond, with F. B. Enslow as his security, in the penalty of three hundred dollars, and thereupon an appeal was allowed from said judgment to the Circuit Court of said county; and on the 18th day of December, 1888, without any additional pleadings, the case was submitted to a jury, who after hearing the evidence found for the plaintiff the horse in the summons mentioned, valued at one hundred dollars and the one-horse wagon, valued at forty dollars, and they further found that the plaintiff had sustained ten dollars damages by the detention of the same; and thereupon the defendant moved the court to set aside the verdict because the same was contrary to the law and the evidence, which motion was overruled by the court, and judgment was rendered against the defendant and F. B. Enslow, his surety in said appeal-bond, for the horse and wagon aforesaid, of the values aforesaid, if they may be had, but, if not, then the values aforesaid of such of them, respectively, as may not be found, together with his damages assessed as aforesaid, and his costs.

The defendant, by his attorney, tendered a bill of exceptions to the rulings and decisions of the court, from which it appears that the plaintiff, to maintain the issue on his part, proved that in the year 1888 he bought of the defendant a horse and wagon, for which he was to pay the sum of one hundred and forty dollars, and that he paid fifty five dollars cash, part in a cow at twenty dollars, and the balance in hauling, and the horse and wagon was delivered to him; that he held the same until some time in the summer of 1888—almost four months—when the defendant borrowed the property of him, promising to return it in a few days; that the defendant failed to return it, and when the plaintiff demanded that the horse and wagon be returned to him the defendant refused to deliver it it to him, and claimed that he (the defendant) had never sold the property to the plaintiff; that after trying to settle the matter with the defendant for several days, and not getting any satisfactory settlement, he brought said suit; that the horse and wagon were his property, and he was entitled to the same as his property. And the defendant, to maintain his claim to the property sued for, proved that it was not

paid for; that he claimed the property as his, and that he had never sold the property to the plaintiff; that on the day after the appeal was taken from the justice's decision in this case, the horse in question was taken suddenly sick, and died within two hours; that he did all that could be done to save it; and that the animal died, without fault on his part, pending the suit.

The jury retired to consider their verdict, and afterwards came into court with a verdict which was not responsive to the issue. The court directed the jury to go back to their room, and find a verdict responsive to the issue; but before retiring the second time the defendant asked the court to require the jury to find the fact specially that the horse died pending the suit without fault of the defendant, and that this request was made after the jury had returned a verdict; and the attorneys for the plaintiff then, in open court, stated that that fact was testified to by the defendant; and the court refused to require the jury to find such special matter; and the jury retired to their room to consider of their verdict, and after a time returned into the room with their verdict in the words and figures following, viz: "We, the jury, find for the plaintiff, the horse in the summons mentioned, valued at one hundred dollars, and the one-horse wagon, valued at forty dollars; and we further find that the plaintiff has sustained ten dollars damages for the detention of the same."

Thereupon the defendant moved the court to set aside the verdict as contrary to law and evidence, and that no judgment be rendered thereon, which motion was overruled; and the defendant moved the court not to render judgment for the recovery of the horse, shown to have died pending suit, which motion the court also overruled; to which rulings of the court in refusing to set aside said verdict, and in entering up a judgment on the verdict, and to each of them, the defendant excepted, and applied for and obtained this writ of error.

It will be perceived that the only plea interposed by the defendant in this case was the plea of *non detinet*, and that plea relates to the time the suit was brought and the demand asserted; and, in order to properly determine the questions

raised by the assignment of errors, it is necessary to determine what issue is presented by said plea, and what defence is admissible thereunder.    We find in 2 Chit. Pl. (16th Ed.) 622, the author says : "In detinue, the plaintiff claims the goods *in specie*.   The judgment is, in effect, that he recover the goods if they can be obtained from the defendant by the sheriff, and a certain sum assessed by the jury for damages for the detention, and, if the goods can not be had, then a certain sum assessed by the jury as their value, besides the damages for detention, with costs."    Again, on page 727 of the same volume, he says : "The plea of *non detinet* shall operate as a denial of the detention of the goods by the defendant, but not of the plaintiff's property therein, and no other defence than such denial shall be admissible under that plea."

In the case of *Austin's Ex'r* v. *Jones*, reported in Gilmer's Virginia Reports, p. 341, which is relied on by counsel for the defendant in error in their brief, an action of detinue was brought for a slave.    The defendant pleaded *non detinet*, and the jury found for the plaintiff the slave mentioned *etc. ;* but the jury also found that the slave, Beck, who was included in the first part of the verdict, died after suit brought, and no damages were given.   The court gave judgment for all the slaves but Beck ; of her no mention was made in the judgment.    The plaintiff appealed ; and Judge ROANE, in delivering the opinion of the court, after discussing at some length what may be shown under the plea of *non detinet*, says, on page 355 : "These principles and these cases, then, clearly prove that the jury were limited by the pleadings in this case to the proof of a possession at the time of the institution of the suit, and had no right to receive evidence or find a verdict touching the non-existence of that possession as at the time of rendering the verdict. That was a point ulterior to the one made by the pleadings. It was not in issue, and therefore it was irregular to offer evidence in relation to it, or find it by the verdict."

In Bac. Abr., under the title " Detinue, " p. 135, we find : "To entitle the plaintiff to recover in an action of detinue, he must have the right of possession when the action is brought;" referring to *Shepard's Adm'rs* v. *Edwards*, 2

Hayw. (N. C.) 186, and *Bell* v. *Hogan*, 1 Stew. (Ala.) 536.

In the case of *Austin's Ex'r* v. *Jones, supra,* BROOKE, J., in his opinion says: "The pleadings, generally, are the best tests of the law. The plea of *non detinet* traverses the allegations in the declaration, and puts it upon the plaintiff to prove them. As to the possession of the defendant, that need only be proved, either at the suing out of the writ, or at some time before." See *Burnley* v. *Lambert,* 1 Wash. (Va.) 308.

In the case of *Caldwell* v. *Fenwick,* 2 Dana, 332, the court held : "Detinue can not be maintained where the thing sued for had ceased to exist when the suit was brought as for a slave after his death, though it may be maintained where the defendant has parted with the possession of the chattel sued for, or where it was in being when the action was instituted, but perished afterwards." See, also, *Carrel* v. *Early,* 4 Bibb. 279, where it was held "that the death of a slave pending the action would not defeat the recovery."

Judge Tucker, in the second volume of his Commentaries (page 83) in discussing the case of *Austin's Ex'r* v. *Jones, supra,* says : "From the consideration urged by Judge COALTER, it seems to me that the proper course in such case is to plead the death of the slave since the last continuance in bar of the recovery of the slave or her value;" from which it is plainly inferable that he agreed with Judges ROANE and BROOKE that, in order to avail himself of the death of the property sued for, the defendant must plead the fact. And Prof. Minor, in part 1, vol. 2, p. 448, says : "Yet, if the property perishes pending the suit, judgment may probably still be given for the property, if to be had, but, if not, then its value ; the plaintiff actually recovering, of course, the alternative value."

While, then, it must be regarded as a hardship upon the defendant that the plaintiff should recover from him the value of a horse sued for in detinue which died pending the suit, yet we can arrive at no other conclusion than that under the state of pleading in this case no evidence could be properly received as to the death of the horse during the pendency of the suit, and that in order to admit such evidence the defendant should have pleaded the fact *puis darrein continuance.*

It is also assigned as error that the judgment was rendered for the recovery of the property against the defendant Ingels and his security, F. B. Enslow, when the same should have followed the verdict, and been against the defendant Ingels alone. Section 172 of chapter 50 of the Code, however, expressly provides that, "when the judgment appealed from is against the appellant for any sum of money, and an equal or greater sum is found due by the appellant, judgment shall be rendered by the Circuit Court against the appellant and those who signed the bond first named in section 164, if such bond be given for the sum due, including interest and costs up to the time the appeal was taken" *etc.* So that we must hold, under this statute, that there was no error in rendering judgment against the appellant and his surety in the appeal-bond.

For these reasons the judgment of the court below must be affirmed, and the plaintiff in error must pay the costs of this writ, and damages.

AFFIRMED.