# CHARLESTON.

## MALONE v. DAVIS.

Submitted November 2, 1915. Decided November 9, 1915.

1. DETINUE—*Plea of Non Detinet—Issues.*

     In detinue the general plea, non detinet, as at common law, puts in issue the plaintiff's right and title to the property sued for, as well as the fact of its detention by defendant. The more modern

English rule of practice to the contrary does not prevail in this state.   (p. 122).

2.  SAME—*New Trial—Excessive Verdict—Judgment.*

Where on the trial of such action the value of the property sued for, as found by the jury, is excessive, but the verdict is otherwise correct, a new trial, if based on such erroneous finding, should be limited to that issue, and the verdict as a whole should not be 'set aside and a new trial awarded on all issues.  And, if in such case the plaintiff waives an alternative judgment for the value of the property the court should give judgment for plaintiff for the possession of the property alone.  (p. 123).

3.  APPEAL AND ERROR—*Presentation for Review—New Trial.*

Where in such case the motion of defendant to set aside the verdict and award him a new trial, among others, is based on the ground of some supposed improper statements or remarks of opposing counsel, during the trial or in the course of the argument in the presence of the jury, in the absence of anything in the record showing any such statements or remarks were in fact made, or the character thereof, or the exceptions thereto, or the rulings of the court thereon, or that the action of the court in awarding the new trial was based thereon, this court will not assume that the judgment, otherwise clearly erroneous, was justified on any such ground.  (p. 124).

Error to Circuit Court, Monongalia County.

Action by Harvey A. Malone against Stephen R. Davis. Verdict for plaintiff.  From an order granting a new trial, plaintiff brings error.

*Reversed and entered here.*

*Moreland & Guy* and *Glasscock & Glasscock,* for plaintiff in error.

MILLER, JUDGE:

In detinue to recover possession of a certain note, the only plea of defendant on which issue was joined was non detinet, and the verdict of the jury, which on motion of defendant was set aside and a new trial awarded him, was, for the plaintiff for the promissory note in the declaration described, if to be had; and if not, then the sum of $332.80, the value thereof.

The plaintiff complains of the action of the court in setting aside the verdict and refusing to pronounce judgment thereon that he recover the possession of said note.

After the verdict, and before the court set it aside, the court

expressing doubt as to whether the evidence justified the verdict as to the value of the note, and in order to forestall adverse action, and inasmuch as the note sued for was then in the possession and control of the court in another action pending therein, plaintiff presented and filed a signed agreement waiving a judgment in the alternative for the value of the note, and agreeing to accept a judgment that he recover the possession of the note alone.

The grounds of defendant's motion for a new trial, as entered of record, were: (1) That the verdict was contrary to the law and the evidence; (2) because of alleged improper statements of plaintiff's attorneys in the presence of the jury during the trial and in the course of the argument; (3) because of improper instructions to the jury offered by plaintiff, and proper instructions proposed by defendant rejected; (4) because of alleged improper evidence admitted on behalf of plaintiff, and proper evidence of defendant rejected.

Defendant has not appeared here in person or by counsel to contest plaintiff's right to reversal. But on the trial below, under his plea of non detinet, he was permitted to offer evidence tending to prove title in himself to the note sued for, by assignment from plaintiff, in consideration of the surrender to plaintiff of two notes purporting to have been made by him to defendant for borrowed money, which assignment, as well as the genuineness of those two notes, plaintiff denied, and these issues of fact so made were fought out before the jury, with the result already indicated.

The first point of error made by plaintiff's counsel is that under the plea of non detinet his right of property in the note sued for was not put in issue, but only the detention thereof, and that the evidence on all other issues was improperly admitted, and should not and could not have been considered by the court on defendant's motion for a new trial. For this counsel cite and rely on our case of *Arthur* v. *Ingles*, 34 W. Va. 639; 2 Chitty on Pleading, (16th Am. ed.) 728, 729; *Richards* v. *Frankum*, 6 M. & W. 420; 7 Standard Ency. of Proc. 482; 6 Robinson's Prac. 590. It was not a point of actual decision, but Judge ENGLISH, in *Arthur* v. *Ingles*, seemingly quotes with approval the comparatively modern English rule, not a rule of the common law, that: "The plea

of non detinet shall operate as a denial of the detention of the goods by the defendant, but not of the plaintiff's property therein, and no other defense than such denial shall be admissible under that plea.'' And it may be observed by reference to 1 Chitty on Pleading, (11th Am. ed.) 518, that this rule is an English rule of comparatively recent origin, and not one prevailing at the common law. These modern English rules of practice have not been adopted in this state, and at common law the rule undoubtedly is that the plea, non detinet, does put in issue the question of the plaintiff's property in the goods sued for. Stephen on Pleading, (Tyler's ed.) 173-4; *Richards* v. *Frankum, supra;* 6 Ency. Pl. & Pract. 654; 6 Robinson Pract. 590; 4 Minor's Inst. Pt. 1, 772.

The second point urged for reversal is that a new trial could not have been properly predicated on the ground that the value of the note, as found by the jury, was erroneous and excessive, (1) because there was evidence justifying that finding, namely, the evidence of plaintiff and his brother, that the note, principal and interest, was of the value found, and which was opposed only by the indefinite statement of the maker of the note, that he had paid some on it, not specifying the time nor the amount; (2) because by his writing filed plaintiff had waived and released any right to an alternative judgment for the value of the note; and (3) because without such release, the value of the note, being a severable issue, could have been ascertained by a jury, and that the verdict, in its entirety, should not have been set aside.

If, as suggested, the only ground for awarding a new trial was the supposed excessiveness of the verdict as to the value of the note, and observing the equitable principles which should always control the discretion of the court in such cases, we think the court, in place of setting aside the verdict as a whole, should have put the plaintiff on terms of reducing the amount found by the jury to a reasonable sum. But inasmuch as the plaintiff was willing and offered to waive a judgment for the value of the note, and offered to do so in writing, the court should have accepted this proposition, and if the verdict was otherwise well founded should have refused a new trial, and entered judgment that the plaintiff recover possession of the note alone. Such practice seems to be fairly

within our statute, section 6, chapter 102, serial section 4403, Code 1913, for it is there provided, that, "if the verdict omit price or value, the court may at any time have a jury impaneled to ascertain the same." And recent decisions of this court hold that where there is a severable issue and the verdict as to the other issues is supported by the evidence, the court may limit the new trial to a single issue, not so supported. *Austin* v. *Calloway*, 73 W. Va. 231, 80 S. E. 361; *Crockett* v. *Black Wolf C. & C. Co.*, 75 W. Va. 375, 83 S. E. 987; *Moss* v. *Campbell's Creek R. R. Co.*, 75 W. Va. 62, 83 S. E. 721; *Brogan* v. *Union Traction Co.*, 76 W. Va. 698, 86 S. E. 753.

· Moreover, as the note sued for appears to have been in the possession and control of the court in another case, and it had the power to then put the plaintiff in possession thereof, this furnished an additional reason for denying the motion for a new trial, based on any over valuation of the note by the jury. *Avery* v. *Avery*, 62 Am. Dec. 513. See, also, 2 Barton's Law Prac. 709, and cases cited.

But it may be said that as one of the grounds for a new trial was alleged improper statements by the attorneys for plaintiff in the presence of the jury during the trial and in the course of the argument, statements which were in no way made a part of the record, the action of the court may have been based thereon, and as we cannot see from the record what those statements were, we ought not, on familiar principles, disturb the judgment. The record nowhere shows any objections by the defendant during the trial or during the arguments of counsel to any statements or remarks of counsel, nor does it appear what the rulings of the court thereon may have been. For aught we know the rulings of the court may have been in favor of the defendant, and any prejudice to defendant's interests neutralized thereby. The motion itself points out no specific statements or remarks of counsel objected to, and the action of the court on such motion is not limited to that ground. Counsel might in such cases assign a hundred grounds for the motion, some feigned, others based on facts in the record to support them, and it seems to us it would be exceedingly dangerous practice for us to sustain a judgment, otherwise clearly erroneous, without some

basis therefor appearing in the record.   In such cases if a party would support a judgment in his favor he ought to put into the record by bill of exception or otherwise all the facts relied upon to support his motion.   This proposition we think finds justification in our recent case of *Sanders* v. *Wise,* 74 W. Va. 797.

With respect to the main issues in the case, we have examined all the evidence thereon and are clearly of opinion that the verdict of the jury should not have been disturbed. The evidence was conflicting, the parties had a fair trial upon every material issue in the case, and the court was not justified in disturbing the verdict for plaintiff as manifestly wrong.   We are not unmindful of the rule that it takes a stronger case to disturb a judgment awarding a new trial than one refusing it, but our opinion to do so finds full support, we think, in the recent case of *Wilson* v. *Johnson,* 72 W. Va. 742.

Our conclusion, therefore, is to reverse the judgment, reinstate the verdict, and to enter such judgment here as we think the circuit court should have pronounced, that the plaintiff recover of the defendant the possession of the note sued for and described in the declaration, with costs incurred in this court and in the circuit court in this behalf expended.

*Reversed and entered here.*