# CHARLESTON.

## COUNTY COURT *v.* THORNBURG *et al.*

Submitted September 9, 1908.    Decided February 16, 1909.

1. EMINENT DOMAIN—*Condemnation of Land for Road—Sufficiency of Petition.*

   A petition in writing, filed by a county court, in the circuit court, pursuant to Code, section 5, chapter 42, to condemn land for a public road, is sufficient, if it contains substantially all that is required by said section 5; and will not be regarded defective for failure to allege that prior to the filing thereof the several proceedings prescribed by Code, sections 35-38, chapter 43, preliminary to entering on the proposed work, had been had or taken in such county court; it will be assumed that all such preliminary proceedings were had in such county court, entitling it to file its petition, until the contrary is shown. (pp. 189, 190.)

2. SAME—*Defenses—Demurrer.*

   Where the only defense, interposed by defendants to such petition, consisted of motions to quash and dismiss the same, and

65 W. Va.

to quash the several orders made thereon, such motions will be treated as demurrers confessing the truth of the matters alleged, and the same being sufficient in law, as entitling the petitioner to judgment of condemnation. (p. 191.)

3.   HIGHWAYS—*Alteration—Notice of Publication.*
     Code, section 30, chapter 43, does not now require, as formerly, before amendment thereof, notice by publication for three weeks, of a proposed alteration of a county road. (p. 192.)

Error to Circuit Court, Mason County.

Action by the County Court of Mason County against Mary Thornburg and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

B. H. BLAGG and W. R. GUNN, for plaintiffs in error.

L. S. ECHOLS and RANKIN WILEY, for defendant in error.

MILLER, PRESIDENT:

This is a writ of error, to the final judgment for plaintiff in the circuit court of Mason county, in condemnation proceedings, against Mary M. Thornburg and Newton Long. At various stages of the proceedings in the court below, the defendants challenged the right of petitioner to take their land for public road purposes, by motions to quash the petition, and the several orders thereon, and interposed no other defense or defenses by plea, answer or otherwise. Treating the motions to quash and to dismiss, overruled, as demurrers to the petition, the defendants must be treated as having confessed the truth of the matters alleged, and as challenging the sufficiency thereof. The sufficiency of the petition therefore presents practically the only question of merit in the case.

Is the petition sufficient? Chapter 42 of the Code is controlling on this subject, and section 5 thereof, section 1365, Code 1906, prescribes what the application or petition shall contain. It provides that the application must be in writing, describe with reasonable certainty the real estate proposed to be taken, and state, as far as the applicant knows, the names of the owners of each parcel; the nature of their respective interests; the liens thereon, by judgment, deed of trust or otherwise; and the conflicting claims thereto, if any; the nature and amount of such

liens, with the names and residences of the persons holding the same as far as known; also the purpose to which the said estate is intended to be appropriated; and may state the sum of money the applicant is ready to pay the owner thereof for each parcel.

The petition in this case, alleges that the petitioner proposes to build, construct and maintain a public road for the use of the public in Clendenin and Arbuckle Districts, Mason county, West Virginia; that it desires to proceed with the construction of said road through the lands of defendants and others; that defendants are joint owners of one of said tracts, particularly describing the same by metes and bounds as a strip thirty feet in width from the beginning, and as containing one hundred and three square rods, and exhibits a survey and plat thereof. It is alleged also that petitioner intends to use the land prescribed for the purpose of constructing and maintaining a road for the use of the public, and that said land is necessary for that purpose; that the defendants are joint owners in fee of the land sought to be condemned; that Thornburg resides in Mason county, and Long in the State of Missouri; that petitioner had been unable to agree with the owners as to the amount of compensation to be paid them for the land proposed to be taken, and that they would not agree to a fair price therefor; that notice had been given them of petitioner's intention to file said petition and make said application, evidencing the same by said notice and personal service thereof on Thornburg, and publication as to Long; and the petition contained a prayer for the appointment of commissioners to ascertain a just compensation to defendants for said land; that such other proceedings might be had therein in conformity with law as might be necessary, and that upon payment of the compensation petitioner might take the land, establish a road, and build and maintain the same for the use of the public; and for other and general relief. It thus appears that the petition is complete in every essential allegation required by said section 5, and that nothing required either by the letter or spirit thereof has been omitted.

But the contention here is that the petition is fatally defective in failing to allege and show that the several proceedings, prescribed by Code, sections 35-38, chapter 43, sections 1426-1429, Code 1906, had been taken in said county court, and that it had been determined therein by said petitioner to undertake the pro-

posed work on behalf of the county, and that not having been able to fix, by agreement with defendants, the compensation to be paid them for said land, it had ordered this proceeding to be instituted and presented in its corporate name in the circuit court, pursuant to said forty second chapter. In considering this question we take judicial notice, as we can not do in the case of a railroad company and other private corporations, of the fact that the county court is a public corporation, one of the arms of the state, for the performing of a public function, and that the law creates it into a public corporation for this purpose, prescribing its powers and duties; that taking land for a public road is necessarily for a public purpose, and that this is one of the purposes for which the law authorizes lands of individuals to be taken. In our judgment the several proceedings authorized by Code, chapter 43, properly construed, are to enable the county court to determine in a public way whether it will undertake the proposed work, and to determine whether it can agree with the owners on the compensation to be paid for the land proposed to be taken, rather than to subserve any particular rights of the owners. The owners are not concluded thereby; they are not bound to take the compensation estimated by the viewers appointed in such proceeding; nor is the county court bound to undertake the proposed work or pay the owners the compensation demanded. The owners may, in condemnation proceedings, under said chapter 42, if ordered, make every defense essential to the preservation of their legal rights, and their rights can only be concluded by final judgment therein. They may contest the right to take the land therein for public purposes, and they may have a jury if demanded to determine the amount of their compensation. The law makes the county court a public suitor, gives it right to institute condemnation proceedings, and when it brings its suit, we do not think it necessary that the petition should allege that it 'has such right, or that it has taken the steps necessary to determine whether it will exercise its right to sue; but on the contrary, that the court should assume, when it comes into court, that it comes qualified to sue, until the contrary be shown, as in the case of any other suitor. On this subject, Elliott, Roads and Streets, section 296, says: "Where the statute expressly requires that the petition or application shall state facts essential to the existence of jurisdiction in the

particular case, these facts must appear or the proceedings will be void. This rule, however, applies only to jurisdictional facts which the petition or application is required to set forth; the omission to state facts essential to the sufficiency of the petition will render it bad if directly attacked, but such an omission will not make the proceedings void." And in section 328, the same writer says: "In all cases the statute governs, and where a particular mode of procedure is provided that mode must, of course, be substantially pursued. If the statute requires a petition and none is filed no jurisdiction is acquired. Ordinarily the statute suggests the requisites of the petition, and to avail against a direct attack the petition should in every instance substantially conform to the requirements of the statute." To the same effect is 2 Lewis on Eminent Domain, section 602. And in section 342, this writer says: "The form of this application is necessarily dependent upon local statutes, which not only vary in the different states, but vary in the same state with respect to different classes of improvements;" and in section 348, "The petition should comply with the statute in all respects, and should contain all the facts necessary to give jurisdiction. * * * * * Though the statute must be complied with, a substantial compliance is sufficient." Now as our statute has set forth the facts necessary to be alleged in the petition to give the court jurisdiction, what right have we to enlarge on it and say that other facts must also be alleged? Said section 1429, Code 1906, says the proceedings by the county court shall be pursuant to the forty second chapter of the Code, which of course, includes the form of petition prescribed. It may be said that chapters 42 and 43 should be read together, and that the proceedings required by chapter 43, in the county court before the order for condemnation is ordered, by implication, requires that the petition should allege as a jurisdictional fact that such proceedings have been taken. In *Bridge Co. v. Comstock,* 36 W. Va. 263-274 one of the questions was whether section 7, chapter 52 of the Code, which authorizes a company incorporated for a work of internal improvement, when it cannot agree on the terms of purchase with those entitled to the lands wanted for the purposes of the company to take the same by condemnation proceedings, by implication, requires allegation and proof that the applicant could not agree with the owners of the land when known. The defendants in that case

were infants, and it was held not necessary to allege and prove the failure to agree, at least in the case of infants, who cannot agree; but Judge HOLT in that case remarks, that he "regards section 5 of chapter 42 as exhaustive of what the application shall state." In the recent case of *Bluefield* v. *Bailey,* 62 W. Va. 304, one question was whether the court below had properly rejected the plea of the defendants that the city never authorized their lands to be condemned; and it was decided, point three of the syllabus, that "In a proceeding to condemn land by a city for a street, the defendant may deny that the council of the city has ordered its condemnation." This was a holding that the matter in which it is alleged the petition in the present case is defective, was properly set up by way of defense. It is true that in that case Judge BRANNON casually remarks that "It seems to me that the petition ought to aver that the council had authorized the condemnation, as the charter authorizes only the council to institute proceedings." But that was not the point for adjudication and was not decided. Reference is made by Judge BRANNON in that connection to section 32 of the charter of Bluefield but we find that in section 33 it is provided that, "in case the said council and board of supervisors are unable to agree with the owners as to a just compensation for the ground necessary for any such purpose, the council and board of supervisors shall have the authority to proceed in the name of said city in any court having jurisdiction to condemn the same and all of the provisions of general law in regard to the taking of private property for public purposes shall be applicable to proceedings brought by said city for such purpose." It is true that in *Cemetery Ass'n.* v. *Redd,* 33 W. Va. 362, it was held, that "An application to condemn land for cemetery purposes should show that the land to be taken does not lie within 400 yards of a dwelling house, unless to extend the limits of a cemetery already located, and then, that such limits will not be extended nearer to any dwelling house which is within 400 yards." But this was because the statute itself, clause 8 of section 2 of said chapter, provides that no land shall be otherwise taken for such purposes. As was said by Judge BRANNON in that case, "It is not, therefore, sufficient to say, because a corporation says it needs it for its use, land, that that is necessarily public need or use, or that, in this case, the averment that the association needs it for its

use in the burial of the dead makes it sufficient.  The application should certainly aver that the land was needed for the public use in the burial of the dead, and that it would be, when condemned, devoted to the public use in the burial of the dead." But such allegation required in the petition of a private corporation such as a cemetery association, is because said section 1365, requires that the purpose to which the estate proposed to be taken is intended to be appropriated should be stated.  But where a county court or municipal corporation is proceeding to condemn land, and it is alleged that the land proposed to be taken is for a public road or street, and that it proposes to devote the same to that use, this we think sufficient.

But, in addition to what appears in the petition, the final judgment below recites as a fact, that it was made to appear that the matter of establishing said road had been proceeded with in said county court, and that the prosecuting attorney had been required to institute and prosecute this proceeding, to condemn a right of way therefor, which the county court had undertaken to establish through the lands of the defendants; and that the papers in said proceedings in the county court, together with the orders made by it in relation thereto, had been certified to the court before the appointment of the commissioner to assess the damages to said defendants, and that said papers had been filed by the clerk in this proceeding.  It is said, however, that this recital in the final judgment is in conflict with defendants bill of exceptions number two, to the original order on said petition, and on their motion to quash, which recites among other things that "no other documentary or other evidence except the petition and exhibits therewith was offered, or introduced upon the hearing of said cause."  While the court below, and this Court, is bound by that recital in the bill of exceptions, we do not think it materially in conflict with the recital in the final judgment.  While we must say from the bill of exceptions that the court, upon the motion to quash, and the appointment of commissioners then heard the case solely upon the petition and the exhibits therewith, and that though the proceedings in the county court may have been previously certified and filed by the clerk as recited in the final judgment, they were not then read and considered, yet we must treat it as a fact that the said proceedings had been so certified and filed.  True those proceedings are

not referred to, nor in terms made a part of the judgment, yet on the motion of defendants to quash and dismiss the proceedings, for want of authority to institute the same, the court, we think, was justified in looking to that record if necessary, to determine whether proper proceedings had been had in the county court.

Another point made, and which we think without merit, is that looking to proceedings in the county court, copied in the record, it appears that the proceedings there were at a special session, noticed for Aug. 3, 1907, and continued to Aug. 7, 1907; and that neither the order of Aug. 3, nor that of Aug. 7, show that notice had been given of the time and purpose of said special session. We find from a certified copy of the order of Aug. 3, 1907, filed in the record, that both the time and the purposes of said special session, are fully shown; one of the purposes being "to further consider the establishment of a change in the public road, known as the Kanawha River road, in the Districts of Arbuckle and Clendenin, upon the petition of B. M. Sterrett and others;" and that on that day the defendant Thornburg appeared by counsel, and moved the court to dismiss the case, to quash the summons and return, and also to quash the order appointing viewers, and the report of the viewers, etc., and that the case was then continued until the following Wednesday morning. The record, we think, therefore, contradicts this point of error.

Another point of error in reference to the proceedings in the county court is, that a petition to alter a county road is in effect a petition to establish a road, and also to discontinue another, and that, before it can be finally acted upon, notice must not only be given to the parties whose lands are proposed to be taken, but also that three weeks public notice should be given as required by statute to discontinue the old road, and we are cited to *Conrad* v. *County of Lewis,* 10 W. Va. 784. Such was indeed the law at the time of that decision, but is not the present law of section 30, chapter 43, since amended. *County Court* v. *Boreman,* 34 W. Va. 87.

Seeing no substantial error in the judgment below we affirm it.

*Affirmed.*