## CHARLESTON.

CAMPBELL v. MYERS *et al.*

Submitted September 9, 1911.   Decided May 6, 1913.

LOST INSTRUMENTS—*Jurisdiction—Action at Law.*

> Unless, at the time of trial, it is destroyed or barred by
> limitation, a payee of a lost negotiable promissory note can not
> maintain an action at law thereon against the makers thereof;
> a court of law being without authority to require indemnity
> against recovery thereon by a *bona·fide* endorsee.

Error to Circuit Court, Jefferson County.

Action by J. T. Campbell against W. E. Myers and others.
Judgment for plaintiff, and defendants bring error.

*Reversed.*

*Marshall McCormick,* and *T. C. Green,* for plaintiffs in error.

*F. L. Bushong* and *C. N. Campbell,* for defendant in error..

LYNCH, JUDGE:

Plaintiff sued and obtained a judgment before a justice.   On
appeal and verdict of a jury, the circuit court entered judgment
for plaintiff, and defendants obtained a writ of error.   The
object of the proceeding is the collection of a lost negotiable note,
dated July, 1907, payable to plaintiff or order six months there-
after, and not endorsed by him.   It was overdue at the date of
the action.   The paramount and practically the only question
for decision is one of jurisdiction, the jury having not improp-
erly determined all other issues favorably to plaintiff.   Defend-
ants urged, without avail, before the justice and the trial court,
want of jurisdiction in a court of law to entertain the action.
They now rely on the same defense here.

The authorities in this state and Virginia hold that equity is
the proper forum in such cases; because therein, and not on the
law side, indemnity may be required of plaintiff against loss
should the instrument be subsequently found in the possession
of another, to whom it may have been endorsed by the payee be-
fore maturity.   In this case the payee testifies that he had not
endorsed the note.   But his testimony in this respect would not

of course be conclusive against the claim of the rightful endorsee, if in fact so endorsed. An endorsement after maturity would, to some extent, affect the reason generally assigned for equitable cognizance. But even then equity has jurisdiction. The cases discussing the subject, and binding here, are in equity; and, while some of them indicate a concurrent jurisdiction at law, they in effect agree, for reasons heretofore stated, that equity alone is the proper forum on lost negotiable instruments. *Harrison* v. *Field*, 2 Wash. 136; *Shields* v. *Com.*, 4 Rand. 541; *Thornton* v. *Stewart*, 7 Leigh 128; *Hunter* v. *Robinson*, 5 W. Va. 272; *Hickman* v. *Painter*, 11 W. Va. 386; *Mitchell* v. *Chancellor*, 14 W. Va. 22; *Bank* v. *Morrall*, 16 W. Va. 546; *Hall* v. *Wilkinson*, 35 W. Va. 167. See also *Little* v. *Cozad*, 21 W. Va. 183; *Matthews* v. *Matthews*, 97 Me. 40, 94 Am. St. 464, 466, and note.

2 Daniel on Neg. Inst. (5th Ed.) states the rule at § 1475 to be: "In England, where the line of demarcation between legal and equitable jurisdiction is well defined, and strictly observed, it is well settled that the remedy upon a lost negotiable instrument can be sought only in a court of equity, which alone can require the plaintiff to secure the defendant by execution of sufficient indemnity, and administer fully the equities between the parties. If the instrument be payable to bearer, or endorsed in blank, it is obvious that it might reach the hands of a bona fide holder for value, without notice of the loss, and that if the parties liable were compellable to pay the amount thereof to the owner in a suit at law, without indemnity, such parties might, without the slightest negligence on their part, be forced to pay it a second time to such bona fide holder. The courts of law, which proceed in accordance with established and unbending forms, do not possess the elastic machinery necessary to require the owner to make suitable indemnity against the loss which might thus occur, or the lesser loss produced by defending a suit brought by a party in actual possession of the instrument. And, therefore, such cases are remitted to the exclusive cognizance of courts of equity." Likewise, at § 1478, the author further says that while in some states an action is maintainable against the makers of negotiable notes lost before maturity, courts of law being competent, as supposed, to provide indem-

nity, "the weight of authority and reason are against jurisdiction in such cases."

In *Moses* v. *Trice,* 21 Gratt. 556, 8 Am. Rep. 609, an action of debt, the question arose whether an action at law could be maintained on a lost negotiable note; and it was held that a court of law had no jurisdiction in such matters. Judge Staples said: "In England the doctrine is firmly established that such an action can not be maintained, and the sole remedy of the owner is in a court of chancery, which can adjust the equities of the parties, and require suitable indemnity as a condition of relief. . *Hansard* v. *Robinson,* 7 Barn. & C. 90; *Ramuz* v. *Crows,* 1 Exch. 166; 18 Eng. Law and Eq. 514. In this country, there has been some conflict of opinion on the subject; but the great weight of authority is in harmony with the English doctrine. In some of the states, statutory remedies have been provided, by which most of the difficulties standing in the way of actions at law have been removed." But, in states where the common law prevails, the courts generally, though not always, refuse to take jurisdiction upon lost instruments of the character sued on in this case.

For the reasons stated, the judgment is reversed, the verdict set aside, and the action dismissed, without prejudice to the right of plaintiff to institute other proper proceedings for recovery on the cause of action alleged.

*Reversed.*