# CHARLESTON.

## AUSTIN, ADM'R. v. CALLOWAY.

Submitted November 18, 1913.    Decided November 25, 1913.

1. EXECUTORS AND ADMINISTRATORS—*Action of Administrator—Declaration—Sufficiency.*

     A declaration by an administrator, suing as such, upon a cause of action accruing to his intestate in his lifetime, which fails to aver that plaintiff was appointed and qualified as such administrator is had on demurrer.  (p. 232).

2. SAME.

     Such a declaration in assumpsit upon a note payable to his intestate, and past due at his death, need not aver a promise to the administrator.  It is sufficient to aver a promise to his intestate and a breach, by non-payment to either his intestate or himself.  (p. 234).

3. SAME—*Right of Action—Notes—Appraisement.*

     Sec. 12, Ch. 56, Acts 1907, respecting the appraisement of notes, bonds and evidences of debt, owned by a decedent at the time of his death, does not apply to evidences of debt not taxable in this state, owned by a non-resident at the time of his death, and sent to an attorney in this state, by his personal representative, for suit thereon against the debtor who resides here.  (p. 234).

4. EVIDENCE—*Lost Instrument—Secondary Evidence.*

     When it is proven that a note declared on has subsequently been lost, secondary evidence of its contents is admissible.  (p. 235).

5. LOST INSTRUMENTS—*Subsequent Loss—Effect—Proceedings.*

     Loss of a note, occurring after it has been declared on, does not abate the suit or require amendment of pleadings.  (p. 236).

6. SAME—*Jurisdiction—Action at Law.*

     A court of law has jurisdiction of an action to recover upon a lost note, when it is clearly established that plaintiff had title to such note and that its loss occurred after it became payable.  (p. 236).

Error to Circuit Court, Mason County.

Action by John P. Austin against John Calloway.  Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Somerville & Somerville,* for plaintiff in error.

*J. E. Beller* and *S. P. Bell,* for defendant in error.

WILLIAMS, JUDGE:

John P. Austin, sheriff of Mason county and as such administrator of Lucy Stallard, deceased, recovered a judgment against John Calloway for $173.46, and he was awarded this writ of error thereto. The action was upon a note dated 16th October, 1907, and payable to plaintiff's intestate one day after date, signed John Calloway. Defendant demurred and pleaded *non est factum* and non assumpsit. The demurrer was overruled and on the issues of fact the jury found for plaintiff. A number of errors are assigned. First, that it was error to overrule the demurrer to the original declaration. The grounds of demurrer are (1) that the declaration does not aver that plaintiff was appointed administrator, and (2) that it does not aver a promise made to plaintiff. While it appears from the form of the declaration that plaintiff sues in a representative capacity, the declaration does not aver the fact of plaintiff's appointment and qualification as administrator. Such an averment was necessary in order to show his authority to bring the action. The rule is laid down in 8 Enc. Pl. & Pr. 665 as follows: "In a suit by an executor or administrator in his representative capacity, the plaintiff should allege in a direct or issuable form that he is executor or administrator and that he brings the suit in his representative capacity." The action is upon a note which became due in the lifetime of plaintiff's intestate, and, therefore, the personal representative only can bring an action on it. The declaration in such case should aver the fact of plaintiff's appointment and qualification, else it will be held bad on demurrer. "A declaration by an executor or administrator upon a cause which can be maintained only in a representative capacity, and which does not contain a sufficient averment of that capacity, is bad on demurrer." *Foster, Adm'r.* v. *Adler,* 84 Ill. App. 654; *Collins* v. *Ayres,* 13 Ill. 358.

In discussing the sufficiency of the complaint by an administrator, which was objected to on the ground that it did not sufficiently allege plaintiff's appointment as administrator, the supreme court of Minnesota, in the case of *Chamberlain, Adm'r.* v. *Tiner,* 31 Minn., at page 372, says: "It is not now necessary, as formerly, to make profert of letters testamentary

or of administration. But it is necessary for a plaintiff who sues as executor or administrator to allege in a direct and issuable form that he is such. This properly should be done by alleging that he is executor or administrator by virtue of letters issued by a probate court of some county; giving the name of the court and the term at which the letters were granted."

"When a party sues, as executor, &c., there must be a substantial averment in the pleadings, showing that he sues in his representative capacity, and nothing by intendment can be taken to supply the want of such an allegation." *Sabin, Adm'r.* v. *Hamilton,* 2 Ark. 485.

In *Judah, Ex'r.* v. *Fredericks,* 57 Cal. 389, the complaint was held bad on demurrer for failure to properly aver plaintiff's official character. The following cases are also directly in point. *Pelletreau, Ex'r.* v. *Rathbone,* 1 N. J. Eq. 331; *State to use etc.* v. *Matson et als.,* 38 Mo. 489; *Sheldon, Adm'r.* v. *Hoy,* 11 How. Pr. (N. Y.) 11; *Rowan* v. *Lee,* 3 J. J. Marsh. (Ky.) 97; *Smith* v. *Zimmerman,* 29 Mo. App. 249; *Otto* v. *Regina Music-Box Co.,* 87 Fed. Rep. 510, (Circuit Court for District of New Jersey); *Wilson* v. *Hall,* (Tex.) 36 S. W. 327.

At the common law it was not only necessary for a plaintiff, suing in a representative capacity, to aver his appointment and qualification as such personal representative, but also to make profert of letters testamentary, or of letters of administration. This latter requirement however has been abolished both in England and in the two Virginias. 3 Rob. Prac. 256; 5 Rob. Prac. 35; Sec. 33, Ch. 125, Code 1906. But this statute dispensing with the necessity of making profert of commission of administration or letters testamentary does not avoid the necessity of plaintiff's averring his appointment and qualification as such personal representative. If the defendant in this case had not demurred, his pleas to the general issue might have operated as an admission of plaintiff's capacity to sue, under authority of the case of *McDonald, Adm'r.* v. *Cole,* 46 W. Va. 186, and the authorities cited in the opinion at page 187, to which we add 8 Enc. Pl. & Pr. 673. *McDonald, Adm'r.* v. *Cole, supra,* holds that the capacity of plaintiff who sues as administrator or executor can be put in issue only by the plea, *ne unques administrator,*

or *executor*. But the rule there discussed we understand to apply even when capacity, which is an issuable matter, has been properly averred. That case does not decide that such an averment is not necessary; it only decides that a plea of *ne unques* alone can raise an issue as to the averment when made, and that a general plea admits plaintiff's authority to sue. But in the present case the sufficiency of the declaration is challenged by demurrer, and we see that a material averment is omitted from it. Capacity had not been averred and therefore a plea *ne unques* was unnecessary; the omission was properly taken advantage of by demurrer. We find also in the form books that the form of a declaration by a personal representative, for a cause of action arising during intestate's lifetime, contain an everment as to his appointment and qualification as such personal representative. Gregory's Forms, Nos. 21 and 136, pages 22 and 272; 4 Min. Inst. 1697; Rob. Forms, 415.

The cause of action arose in the lifetime of plaintiff's intestate, and therefore it was not necessary for plaintiff to allege a promise made to himself. He does allege a promise made to his intestate and a breach of that promise in her lifetime, and he also alleges a continuation of that breach by failure to make payment to him as her administrator. In this respect the declaration is good.

It is urged that judgment should not have been rendered on the note because it was not appraised. Section 12 of Chapter 56, Acts 1907, provides for the appraisement of notes, bonds and evidences of debt owned by a decedent at the time of his death, and further provides that no judgment shall be rendered upon such note, bond or evidence of debt unless and until the same shall be first shown to have been listed by the appraisers. The note in question not having been appraised, it is contended that the statute forbids the rendition of judgment on it. But we do not think the note in this case falls within the purview of the statute, which was passed in aid of the taxing power of this state, and for the purpose of compelling persons to list their intangible property, such as notes, bonds, etc., for taxation. The statute was clearly not intended to forbid the rendering of judgments upon notes held by non-residents and not taxable in the

state of West Virginia. Plaintiff's intestate was, at the time of her death and had been for years prior thereto, a resident of the state of Kentucky. The note was not then taxable in this state. Its situs was the payee's domicil at the time of her death, and it was only sent to this state for the purpose of collection because the obligor lived here. In such case there could be no reason for requiring the note to be appraised in this state, and the statute was not intended to apply in such case. Other parts of the statute clearly indicate that it relates to property that is subject to a tax as provided by chapter 33, Code of West Virginia.

After suit was brought plaintiff's attorney sent the note to the attorney in Kentucky representing the administrator of Lucy Stallard in that state for the purpose of proving its due execution by defendant, by witnesses in Kentucky whose depositions were to be taken, and which were thereafter taken and used as evidence in the trial of the case. The note appearing to have been lost, the court permitted a copy of it to be used as evidence over the objection of defendant, and this is assigned as error. Its loss is accounted for by proof of the following facts. After the depositions were taken they were sealed and addressed to the clerk of the circuit court of Mason county as registered mail; but, at the request of the West Virginia attorney, the note was not filed as an exhibit with the depositions, and was mailed to him in a separate envelope, not as registered matter. That night the post office burned, and all the letters were destroyed, except registered matter which the postmaster had place in an iron safe. This is sufficient accounting for the loss of the note to make secondary proof admissible. Before sending the note to Kentucky, plaintiff's attorney had made a copy of it. His testimony shows that the copy is an exact copy of the original. In view of these facts it was not error to admit the copy of the note as evidence. Secondary evidence is admissible when primary evidence is not to be had. *Snyder* v. *Bridge Co.,* 65 W. Va. 1.

It was not error to admit the depositions of witnesses taken to prove defendant's handwriting. Some of them had received letters from defendant, had seen him write and were well acquainted with his handwriting. One or two others, how-

ever, based their opinions upon a comparison of the handwriting in the body of the note and the signature thereto, with the handwriting of other papers exhibited to them at the time their depositions were taken. Defendant admitted that the papers with which they compared the note were actually written by him. One of those papers purported to be a will made by defendant in favor of plaintiff's intestate, who was his aunt; and the other is a letter written by him to J. T. Smith, her Kentucky administrator. One of such witnesses was the attorney who represented the Kentucky administrator and the other was the notary public before whom the depositions were taken, who had also served a term of office as clerk of the circuit court of Letcher county, Kentucky. They were competent witnesses, and the jury had to judge of the value of their testimony.

It is urged that no issues were joined on the pleas to the supplemental declaration, filed by permission of the court, setting up the subsequent loss of the note. This point is not material. The loss of the note, occurring after the declaration had been filed and depositions of witnesses taken to prove its due execution, did not call for the filing of a supplemental declaration. Proof of the loss, justified the admission of secondary evidence to prove the averments of the declaration, and no additional averment was needed. There was no occasion to change the character of the action from one upon an existing note to one upon a lost note. The loss of the note did not abate the suit. It was overdue when it was lost and no indemnity was necessary. Defendant can not be prejudiced by the failure to produce it. A judgment against him in this action would be a bar to any future action on the note, by any person whomsoever. But if it had not been clearly proven that it was overdue when lost, then, it being negotiable under the new negotiable instruments act, defendant might have had good reason to complain of its non-production. But in view of the facts proven, it is clear that a judgment against defendant could be pleaded in bar of any future action on said note. As apropos to this question, see also *Campbell* v. *Myers,* 72 W. Va. 428, 78 S. E. 671. If the note had been lost at the time of suit, plaintiff could nevertheless have brought an action at law for the money due on it, because it is proven

to have been past due at the time of suit, and was lost after it came into the hands of the payee's administrator. 19 A. & E. E. L. (2nd ed.) 566. In such case a court of law has jurisdiction, no indemnity to defendant being necessary.

For reasons herein given we reverse the judgment, set aside the verdict and remand the case for a new trial, with leave to plaintiff to amend his declaration.

*Reversed and Remanded.*