# CHARLESTON

PERRY, ADMR., v. NEW RIVER AND POCAHONTAS CONSOLIDATED
COAL CO.

Submitted February 17, 1914.   Decided April 14, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Actions—Declaration—Allega-
tion as to Appointment.*
    A declaration in an action by an administrator for the wrongful
    death of his decedent, which fails to aver the due appointment and
    qualification of the plaintiff as administrator, · is insufficient on
    demurrer.   (p. 122).

2. NEW TRIAL—*Grounds.*
    The overruling of a demurrer to an insufficient declaration is error
    prejudicial to the defendant which warrants the sustaining of a
    motion to set aside a verdict returned for the plaintiff.   (p. 122).

Error to Circuit Court, McDowell County.

Action by W. O. Perry, administrator, etc., against the New
River & Pocahontas Consolidated Coal Company, for wrong-
ful death of plaintiff's decedent.   Judgment for defendant,
and plaintiff brings error.

*Affirmed.*

*Sanders & Crockett* and *Strother, Taylor & Taylor,* for
plaintiff in error.

*Anderson, Strother & Hughes,* and *J. W. Chapman,* for
defendant in error.

ROBINSON, JUDGE:

This action is one by an administrator to recover damages
for the alleged wrongful death of his decedent.   The jury
returned a verdict for plaintiff in the sum of five thousand
dollars, which on motion the court set aside.   By this writ of
error we are called upon to say whether the judgment setting
aside the verdict and awarding a new trial was warranted.

Defendant's demurrer to the declaration and to each count
thereof was overruled.   The declaration does not allege that
the plaintiff was appointed and qualified as administrator, and
we are pointed to *Austin* v. *Calloway,* 73 W. Va. 231, 80

S. E. 361, in which we held that such omission could be taken advantage of on demurrer. Under that decision the declaration in this case is undoubtedly bad. The demurrer tested the sufficiency of the declaration, and since the declaration is bad there was error to the prejudice of defendant in overruling the demurrer. Plaintiff is not entitled to judgment on a bad declaration over the exception of defendant. The erroneous overruling of the demurrer warrants the setting aside of the verdict.

Though the cause of action in such a case as this does not accrue in the lifetime of the decedent, yet the action is one which by the terms of the statute can only be maintained in the name of his administrator. Code 1913, ch. 103, secs. 5 and 6. The administrator can not sue simply in his personal name. None other than an administrator can maintain this statutory action for damages for wrongful death. So the principle of the holding in *Austin* v. *Calloway* applies. The declaration must show that the suit is by an administrator, and, therefore, to stand the test of a demurrer must aver the appointment and qualification of the plaintiff as administrator.

It is suggested that *Hanley, Admr.,* v. *Railway Co.,* 59 W. Va. 419, is authority that averment and proof of the appointment and qualification of an administrator plaintiff is not required. There is nothing in the decision in that case contrary to *Austin* v. *Calloway.* If the record disclosed that the sufficiency of the declaration had been tested by a demurrer, the opinion does not notice the fact. No question of the sufficiency of the pleading is raised. The question in that case was whether a plea to the merits admits the representative character in which the plaintiff sues. It was held that it did. *Austin* v. *Calloway* concedes that it does. But all this is different from the necessity of averring due appointment and qualification so that the same may be traversed by the plea of *ne unques administrator* if the defendant to the action sees fit to do so.

This court did not announce the holding in *Austin* v. *Calloway* hastily, but maturely, and also reluctantly. It appreciated the fact that the point had not been generally observed in practice, even by members of the court. But in principle

and on authority no other ruling could be made. It is the province of the legislative body to change the law.

For the error in overruling the demurrer to the declaration the judgment setting aside the verdict and awarding a new trial is warranted and will be affirmed.

*Affirmed.*