# CHARLESTON

POTTS, ADMR. v. UNION TRACTION CO.

Submitted October 28, 1914.   Decided December 8, 1914.

1. TRIAL—*Direction of Verdict—Evidence.*

    A motion to direct a verdict should be overruled when, regarding defendant as demurrant thereto, plaintiff's evidence shows a *prima facie* case for recovery. (p. 214).

2. SAME—*Motion to Direct Verdict—Consideration of Evidence.*

    Upon such motion, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged favorably to plaintiff; and the court must assume

as true those facts which the jury could properly find under the evidence.   (p. 214).

3.   STREET RAILROADS—*Children on or Near Track—Care Required*.
    A higher degree of care is required of a railway company for the protection of children on or near its tracks than is required for the protection of adults in the same situation.   (p. 214).

4.   SAME—*Death of Child—Negligence of Motorman—Liability of Company*.
    A motorman, operating an electric car in a city street, must exercise ordinary care to discover and protect from injury a child on or near the track; and if in the exercise of such care he might have discovered it in time to avoid injury, and failed to do so, his company is liable for the ensuing death.   (p. 214).

5.   SAME—*Injury to Child—Discovered Peril—Duty of Motorman*.
    Upon discovery of the peril of a child in close proximity to the track, the motorman must immediately adopt and use all reasonable efforts to avoid injuring it, by sounding bell or gong, by reducing the speed of the car, or by stopping it when necessary.   He can not assume that a child of tender years will discern and avoid the perils of its situation.   (p. 214).

5.   DEATH—*Action by Administrator—Defense—Negligence of Mother*.
    Where a father, the sole beneficiary, sues as administrator for the wrongful death of his son, negligence of the mother contributing to the injury will not bar recovery.   (p. 216).

Error to Circuit Court, Wetzel County.

Action by J. A. Potts, Administrator, etc., against The Union Traction Company.   Judgment for defendant and plaintiff brings error.

*Reversed and Remanded for New Trial.*

*M. R. Morris, P. D. Morris, H. H. Rose* and *Thomas H. Cornett,* for plaintiff in error.

*E. L. Robinson, J. H. Robinson* and *T. P. Jacobs,* for defendant in error.

LYNCH, JUDGE:

Plaintiff's intestate, a child two years and eight months old, was killed in the village of Brooklyn by defendant's car, on a line operated by it between New Martinsville and Sistersville. When plaintiff had introduced his evidence, the court, on

motion, excluded it and directed a verdict for defendant. Of this ruling plaintiff complains.

A motion to exclude has the effect of a demurrer to evidence, and should be overruled where had the jury found for plaintiff a new trial ought to be denied. *Johnson* v. *Railroad Co.*, 25 W. Va. 570; *Dressser* v. *Transportation Co.*, 8 W. Va. 553; *Nuzum* v. *Railroad Co.*, 30 W. Va. 228; *Soward* v. *Car Co.*, 66 W. Va. 266. The chief points of difference between such motion and demurrer are the stage of the proceeding at which each is available and the consequences resulting from deferring the motion to exclude. *Carrico* v. *Railroad Co.*, 35 W. Va. 389; *Adkins* v. *Fry*, 38 W. Va. 549. In the Soward case it is said: "A motion by defendant for a direction to find a verdict for him is a substitute in modern practice for the largely disused demurrer to evidence. It has the same effect, and is dealt with as the same." So that, if upon demurrer the evidence, fairly considered, warrants a finding for plaintiff, a motion to exclude should not prevail. It should be sustained only when the evidence is insufficient to support a verdict. *Kellerman* v. *Railway Co.*, 48 W. Va. 606. Or, as held in *Cobb* v. *Lumber Co.*, 57 W. Va. 49, and *Williamson* v. *Nye*, 58 W. Va. 629, where the evidence makes a *prima facie* case for recovery it should not be excluded on defendant's motion. The ultimate test is, should the court in view of the facts proved decline to enter judgment on the verdict because unsupported by adequate proof? Upon such motion, every reasonable and legitimate inference fairly arising upon the evidence, when considered in its entirety, must be indulged favorably to plaintiff; and the court must assume as true these facts which the jury could properly find under the evidence. *Wallace* v. *Railway Co.*, 25 L. R. A. 663; *Dempsey* v. *Railway Co.*, 69 W. Va. 271.

Reasonably and naturally, the conduct of children can not be measured by the same standard as the conduct of adults. Children of immature age lack ability to discern and appreciate danger and to exercise care to avoid injury. A higher degree of care is required for their protection than is required for the protection of adults. Because of their lack of experience, they must be dealt with as children, and not as

adults. *Gunn* v. *Railroad Co.*, 42 W. Va. 676. While a motorman may reasonably assume that an adult will exercise due care for his own safety, no such presumption arises as to infants of tender years. He must exercise a high degree of watchfulness and care in places where he may reasonably anticipate the presence of children. And if while operating his car he sees, or by the exercise of ordinary care could see, a child of tender years on or near the track, he is not permitted to assume, and should not assume, that the child will discern and avoid the perils of its situation. But he must immediately adopt and use all reasonable efforts to avoid injuring it, by sounding bell or gong, by reducing the speed of his car, or by stopping it if necessary. And if, by the exercise of ordinary care and caution, he might have discovered the child in time to avoid injury, and fails to do so, his company is liable for the ensuing death. 36 Cyc. 1521; *Wallace* v. *Railroad Co.*, *supra; Sample* v. *Railroad Co.*, 50 W. Va. 472; *Dempsey* v. *Railway Co.*, 69 W. Va. 271; *McGuire* v. *Railway Co.*, 70 W. Va. 538. If a child is on or in close proximity to a railroad track, or is approaching it and evinces a purpose to pass on or across it in front of an approaching train or car, and is injured, the company is liable if its servants by the exercise of reasonable care and diligence could have seen the child in time to avoid collision with it. *Gunn* v. *Railway Co.*, 36 W. Va. 165, 42 W. Va. 676; *Couch* v. *Railway Co.*, 45 W. Va. 51.

What, then, were the facts proved? The street, the center of which defendant occupied with its line of railroad, was straight and unobstructed a distance of 409 feet from the direction in which the car approached the place of injury. Several children, among them being plaintiff's intestate, were then assembled at a water pump in the outer edge of the sidewalk. The mother, seeing the child and its companions at the pump on the opposite side of the street, and not being aware of the approach of the car, directed it to return to her immediately under threat of punishment, but later, observing its perilous position, cried to it not to cross the track in front of the car. While there is some conflict as to the exact position occupied by the child as the car approached, Dr. Boone, who

was also on the side opposite the pump and 225 feet from the place of injury, says, when the car passed him and later between him and the child, the child was standing between the railroad and curb, within six feet of the track, when suddenly it ran in front of the car.

Whether the motorman saw or did not see the child in time to avoid injuring it, he could have observed its position and avoided the collision. His duty required him to see and protect the child, as there was nothing to prevent him from doing so. He did not check the speed at which the car was moving, nor perform any other duty legally required of him in that particular. In view of the facts, we think it clear that the question of negligence should have been submitted to the jury.

But defendant seeks to escape liability by imputing negligence to the mother. In what respect did she fail in the discharge of her duties to the child? She had left it momentarily at the door to enter the home of a relative, and upon later appearing saw the child across the street. It had gone there, not with her permission, but from its childish instincts. The injury would not have occurred had the child not been in the highway, nor would it had the motorman not been negligent. However remiss the mother may have been in failing to guard against perils of the highway, the negligence of defendant's agent, legally imputable to it, was the real and the proximate cause of the injury. Having failed to see when his duty required him to see, and to protect when his duty required him to protect it when reasonably possible, the motorman's negligence, and not the mother's, caused the death of the child. He had a clear chance to avoid the injury had he exercised ordinary care in the management and control of the car in his charge.

Moreover, plaintiff, as sole distributee, was not negligent. Nor can the negligence of another, not a distributee, be imputed to him. Though the negligence of one or more of several distributees may prevent recovery by him or them so in fault, it can not defeat recovery by those whose conduct did not contribute to the injury resulting in death. Tiffany, Death by Wrongf. Act, §§69 et seq. This rule excludes the

negligence on which defendant relies to escape liability—a reliance not based on any substantial foundation or fact proved in the case.

Under the decisions in *Austin* v. *Calloway,* 80 S. E. 361, and *Perry* v. *Coal Co.,* 81 S. E. 844, the declaration is defective because of its failure to aver the appointment and qualification of plaintiff as personal representative, and should be amended in that particular.

For the reasons stated, we reverse the judgment, set aside the verdict, and award a new trial.

*Reversed and Remanded for New Trial.*