A. C. JOHNSON, ADM'R, *etc. v.* DANIEL R. HAWKINS *et al.*

(No. 6865)

Submitted February 24, 1931. Decided March 3, 1931.

*Goodykoontz & Slaven,* for plaintiffs in error.
*Lafe B. Chafin,* for defendant in error.

MAXWELL, JUDGE:

Daniel R. Hawkins and his son, defendants, prosecute this writ of error to a judgment of the circuit court of Mingo County, upon a verdict of $7,000.00 for plaintiff, administrator of the personal estate of William Y. Johnson, deceased.

The action arose out of a disastrous automobile accident which took place about 11:00 o'clock P. M., December 16, 1929. Defendant, Daniel R. Hawkins, Jr., age 19, driving his father's car with the latter's knowledge and permission, was entering into Williamson from East Williamson on East Fourth Avenue or State Route No. 8. With him were three young men, his guests, among whom was plaintiff's decedent, William Y. Johnson. In coming down a steep, curving hill, at a point upon which loose, damp dirt had caused a slippery surface, the car, seemingly out of control of young Hawkins, crashed into a motor bus ascending the hill. The injuries received by Johnson were fatal. No responsibility was placed upon the bus driver whose uncontradicted testimony discloses that he was practically as far as he could get on his side of the road and traveling at a slow rate of speed. Defendants introduced no testimony, but they assign a number of errors as grounds for reversal.

In logical order, the first assignment of error to be considered goes to the failure of the plaintiff to allege in the declaration his appointment and qualification as administrator of the personal estate of William Y. Johnson, deceased. Such omission rendered the declaration bad on demurrer. *Perry* v. *Coal Company,* 74 W. Va. 122; *Brogan* v. *Traction Co.,* 76 W. Va. 698. Although no exception on behalf of defendants was taken to the action of the court in overruling their demurrer to the declaration, such adverse action was specifically assigned as one of the grounds for setting aside the verdict. This saved the point. No guardian ad litem was appointed for the infant defendant, Daniel R. Hawkins, Jr. This should have been done. Code 1923, chap. 125, sec. 13. *Kanter* v. *Holland,* (Va.) 152 S. E. 328. We have many West Virginia cases emphasizing the necessity of the appointment of a guardian ad litem for an infant defendant in chancery suits. There are also cases dealing with such situations in ejectment. *Stewart* v. *Parr,* 74 W. Va. 327; *Campbell* v. *Hughes,* 12 W. Va. 183. We do not find where this Court has dealt with the matter directly in an action of tort against an infant, but in reason the same rule must apply there as in chancery and ejectment.

Plaintiff's instruction No. 6 is challenged. It states in substance that it was the duty of Daniel R. Hawkins, Jr., to warn the decedent of the dangerous condition of his brakes if he, Hawkins, knew of such out-of-repair condition; and if such condition was the proximate cause of the accident resulting in the death of Johnson, the jury should find for the plaintiff. The giving of this instruction is criticized because the declaration contains no averment as to defective brakes or as to any other defects. The declaration alleges: ''Yet the said defendants Daniel Hawkins, Sr., and Daniel Hawkins, Jr., not regarding their duty in this behalf so carelessly, recklessly and improperly drove the said automobile that by and through the carelessness, recklessness and negligence and improper conduct of the defendant, Daniel Hawkins, Jr., who was as aforesaid, driving said automobile with the permission of and as the agent and servant of the defendant Daniel Hawkins, Sr., the said automobile while running at a dangerous and unlawful and excessive rate of speed over and upon said Fourth Avenue in the City * * *.'' It is thus seen that the gravamen of the declaration is excessive and dangerous speed. ''It is well settled that a party is not entitled to instructions based on a theory not presented by the pleadings, nor to instructions which do not cover the whole case presented thereby.'' *Lively* v. *Railway Co.*, 104 W. Va. 335. In accord: *Kunst* v. *Grafton*, 67 W. Va. 20; *Snyder* v. *Electric Co.*, 43 W. Va. 662; *Hawker* v. *B. & O.*, 15 W. Va. 628. It is true that in the case of *Marple* v. *Haddad*, 103 W. Va. 510, cited by defendants in error, an instruction similar to the above was approved, but an examination of the declaration in that case discloses that the first count dealt entirely with the defective condition of the truck.

Testimony with reference to defective brakes was admitted without objection, nor was such admission assigned as ground for setting aside the verdict or made the basis of a specific bill of exceptions. The effort to assign here the admission of such testimony as error for reversal is therefore of no avail. Of course, such evidence being without the scope of the pleadings, if objected to, should not have been admitted.

The giving of plaintiff's instruction No. 5 is also assigned as prejudicial error. It told the jury that the maximum speed fixed by state law for automobiles passing over streets in an incorporated city is fifteen miles per hour and that the operating of defendants' car at a greater speed at the point where the collision occurred was a violation of law, and that if they believed from the evidence that such excessive speed was the proximate cause of the accident they should find for the plaintiff. It appears from the evidence that the place where the accident occurred was in fact within the corporate limits of the city of Williamson, but that on one side of the street there were no houses and on the other there were a few houses built high upon the precipitous hill which flanked that side. The maximum speed of fifteen miles per hour on urban streets, Acts 1925, chap. 17, sec. 95, is not necessarily to be applied merely because the location is within the corporate limits of a city. The statute itself defines "urban street" as "a public road or highway, or portion thereof other than open country highway, or suburban street." Acts 1925, chap. 17, sec. 75. This may be within or without municipal limits and is in no wise controlled by artificial boundaries. The same section of the statute defines both "open country highway" and "suburban street". If the portion of the roadway under consideration is greater than one-fourth of a mile in length, and the buildings along either side thereof average more than three hundred feet apart, it is open country highway; and if the buildings on either side averages more than fifty feet apart and less than three hundred feet, it is a suburban street. An instruction with reference to speed on a portion of a state highway lying within the limits of a city should be based on the statutory classification and not on the arbitrary proposition that the urban rate applies merely because the portion of highway in question lies within the corporate bounds. A portion of state highway within corporate bounds may be either urban, suburban, or open country, depending upon the extent to which buildings have been erected along the sides thereof. The instruction was erroneous.

Other assignments of error go to questions of fact which need not be discussed.

In the light of the foregoing, we reverse the judgment, set aside the verdict, and remand the case.

*Reversed; remanded.*