ANTONIO NAZIONALE, *Adm'r, etc. v.* WHEELING TRACTION COMPANY

(No. 6914)

Submitted April 21, 1931. Decided April 28, 1931.

*Erskine, Palmer & Curl,* for plaintiff in error.
*Ramsay & Wilkin,* for defendant in error.

WOODS, JUDGE:

Antonio Nazionale, as administrator, recovered a judgment for $2,500.00 against Wheeling Traction Company for negligently causing death of his twenty-two months old son, and defendant brings error.

The accident occurred shortly after 4 o'clock, P. M., in the City of Follansbee at a point on Main Street, some thirty feet north of the Penn Street intersection. The child toddled out onto Main Street and against the right side of a work car proceeding north on the northbound track, was knocked down and his leg crushed by the front wheel of the front truck. Death followed shortly thereafter.

The declaration alleges that the car was being operated at a high rate of speed, was not under control, and a proper lookout was not maintained. One of plaintiff's witnesses places the speed of the car at 20 miles per hour. Practically all of them state positively that there was nothing to obstruct the view of the motorman; that no cars were parked on the east side of Main Street south of the point of the accident. The motorman, a laborer riding with him, and a woman pedestrian, all state that the car was moving forward slowly, and that the child's presence in the street was obscured by an automobile parked near the intersection on the east of Main Street. The motorman states that the child's presence was first discovered when the front end of the work car had arrived within six feet of the point where the child stepped out. Defendant's witnesses state that the car was stopped in a few feet. After stopping, the car had to be moved in order to disengage the child's leg, which was pinned under the front wheel.

The controlling issue of fact raised by the evidence was whether or not an automobile was present at the point indicated by defendant's witnesses. This was a question for the jury under the conflict in the testimony. This fact having been resolved in favor of the plaintiff, the motorman, had he kept a reasonable lookout, should have discovered the child in time to have stopped the car, if the same was under control. His failure to see, under the circustances, was negligence, and such negligence was, in law, the proximate cause of the death. *McGuire* v. *Railway Co.,* 70 W. Va. 538; *Dempsey* v. *R. R. Co.,* 69 W. Va. 271; *Gunn* v. *R. R. Co.,* 42 W. Va. 676.

Defendant complains of the giving of certain of plaintiff's instructions. These were all based on the theory that there

was nothing to obstruct the plaintiff's view. Instruction No. 5 is attacked on the ground that it misstates the law relative to the duty of a motorman to keep a lookout. It is settled law in this jurisdiction that a motorman, operating an electric car in a city street, must exercise ordinary care to discover and protect from injury a child on or near the track; and if, in the exercise of such care, he might have discovered it in time to avoid injury, and failed to do so, his company is liable for the ensuing death. *Potts* v. *Traction Co.*, 75 W. Va. 212. It was the duty of the company in the instant case to exercise such care as was reasonably demanded by all the surrounding circumstances, in regard to looking out for persons on or near the track, the speed and control of the car, and in slowing up and stopping of the car. Street cars have precedence necessarily in the portion of the way designated for their use, but this superior right must be exercised with proper caution and due regard for the rights of others; and the fact that they have a prescribed route does not alter the duty of the railway company to the public, who have a right to travel upon its tracks until met or overtaken by its cars, and its failure to observe reasonable care constitutes negligence for which it will be liable. 25 R. C. L. 1238, *et seq.* The instruction complained of was taken bodily from the case of *Davidson* v. *P. C. C. & St. L. Ry. Co.*, 41 W. Va. 407, where it was approved among others with the curt expression that they "are in accordance with the decisions of this Court," etc. It tells the jury in effect that it is the duty of the motorman of a street car to keep a constant lookout ahead for children who may be crossing streets or public highways on which the railroad tracks are laid, so as to avoid injury to them if possible; and, if he neglects to do so, the street car railway company employing him is liable for an injury caused by his negligence. It was not intended to make the company an insurer for the safety of children, as argued by defendant, and we do not believe that a jury would so construe it, in view of defendant's instruction to 'the effect that a motorman was only required to keep such reasonable outlook ahead as was consistent with the performance of his other duties in operating said street car. The degree of vigilance exercised

must be commensurate with the surrounding circumstances. In other words, he must be on the alert to ascertain whether a person is in a place of peril. In view of the finding, under the case made, that there was no obstruction, the motorman should have discovered the child by the use of ordinary care; had it been otherwise, constant lookout would have been of no avail, for he saw it at the first afforded opportunity. The exaction of a greater degree of care under the circumstances could not possibly hurt the defendant. While the wording is very inapt, we do not believe, under the circumstances here, that its giving constitutes reversible error.

The jury were told in plaintiff's instruction No. 1 that if they find that the railway company was operating its car at so great a speed that it could not be controlled upon the street to avoid injury to those rightfully using such street, and that death occurred by reason thereof, they must find for plaintiff. We believe that the giving of this instruction was proper, in view of the testimony of one of plaintiff's witnesses that the car was running 20 miles per hour at the intersection, and defendant's evidence that a car operated at such speed could not be stopped short of 100 feet. No. 2 is objected to on the ground that it seeks to submit the doctrine of "last clear chance" to the jury. We do not so interpret it. It tells the jury that if they believe from all the evidence in the case that the motorman saw or could have seen the plaintiff's decedent's danger by keeping a proper lookout and could have avoided the accident by the exercise of ordinary care, then the jury should find for the plaintiff. Another objection to this instruction is that there is no evidence to the effect that a proper lookout was not maintained. As already indicated, the fact that the motorman did not see when he could have seen was sufficient to warrant its giving.

An additional attack is made on plaintiff's several instructions in that they did not incorporate the element of contributory negligence on the part of the parents (distributees) of the decedent. This position is taken on the ground that the plaintiff, by permitting defendant's instruction "F," to go to the jury, without objection, acknowledged that there was appreciable evidence of such negligence. The child lived

with its parents 125 feet north of the intersection, and on the east side of Main Street. There is no evidence that the parents permitted it to play on the street. The fact that it escaped from their care is not sufficient to impute negligence to them. *McGuire* v. *Railway Co., supra.*

Perceiving no reversible error in the trial of this case, the judgment is affirmed.

*Affirmed.*