MARY ELIZABETH KITSON, *Admx., etc. v.* A. E.
MESSENGER *et al.*

(No. 9459)

Submitted September 21, 1943.  Decided October 5, 1943.

Wm. T. George, William George, Jr., Hamon Boggs and G. C. Belknap, for plaintiff in error.

Paul H. Kidd and B. W. Craddock, for defendants in error.

Fox, JUDGE:

On October 14, 1925, A. E. Messenger and B. S. Messenger executed their two notes, each for the sum of $189.55, payable, respectively, in four and eight months thereafter, with interest, to Hortense Woofter. In September, 1933, a notice of motion proceeding was instituted in the Circuit Court of Gilmer County, against the makers of said notes, returnable on October 17, 1933, to obtain judgment thereon. This notice was signed by Opie W. Kitson, administratrix of the estate of Hortense Woofter, deceased, but did not contain an allegation of the appointment and qualification of the administratrix. The notice was served on B. S. Messenger on September 19, 1933, and was returned not executed as to A. E. Messenger. On October 24, 1933, B. S. Messenger appeared by his attorney, and moved the court to quash the notice, and according to the order entered assigned grounds for said motion in writing. The assignment of grounds for the motion to quash does not appear in the record, but it is now argued that the court would be warranted in assuming that the grounds therefor were that the notice did not allege the appointment and qualification of the administratrix who assumes to institute the action. On the same date B. S. Messenger entered a plea of the general issue. But for his motion to quash, the filing of the general issue plea would have amounted to an admission of the right of the plaintiff to sue in the capacity she did. *McDonald v. Cole*, 46 W. Va. 186, 32 S. E. 1033. Approved in *Austin*

v. *Calloway* hereinafter cited. He also filed a special plea in which he averred that, after the maturity of the notes set out in the notice of motion, he gave notice in writing to the attorney and agent of the holder of said notes, to sue upon said notes, and that said notice had been given more than three years prior to the proceeding instituted to collect the notes mentioned therein. There is filed with the record, as exhibits, copies of the two notes, and a purported copy of the letter to the attorney mentioned in the plea, which letter appears to have been dated June 6, 1930. Much later, on October 22, 1942, and after there had been an attempted substitution of another plaintiff, there was a demurrer to this special plea which the court sustained, the plea stricken, and exceptions to such action taken by the party tendering the plea. On February 10, 1937, an order was entered in the case dismissing the same, on the ground that no order had been entered therein within two years; but said dismissal was made subject to the right of the parties to have the case reinstated for good cause, as provided by statute. On February 25, 1938, plaintiff appeared and moved the court to reinstate the case, which was done, the court holding that good and sufficient reasons for such action had been shown, and further stating that the plaintiff had paid to the clerk of the court the sum of thirteen dollars covering the clerk's costs of five dollars and the jury fee of eight dollars, and the case was then continued until the next term of the court. On January 28, 1941, plaintiff gave notice to B. S. Messenger that the trial of the case would be demanded at the next succeeding term of the circuit court. No trial was had at that term, and nothing was done in the case until October 22, 1941, when the following order was entered: "This day came B. W. Craddock, attorney for the plaintiff, and suggested the death of Opie W. Kitson; and moved the court to substitute Mary Elizabeth Kitson, administratrix of the estate of Opie W. Kitson, deceased, as plaintiff; and there being no objection to such motion, it is ordered that this cause

proceed in the name of Mary Elizabeth Kitson, administratrix of the estate of Opie W. Kitson, deceased, who was plaintiff herein, as administratrix of the estate of Hortense Woofter, deceased, plaintiff, against B. S. Messenger, defendant, upon notice of motion to recover money."

On October 22, 1942, B. S. Messenger appeared by his counsel, and moved the court to set aside the order of February 25, 1938, reinstating the cause, on the ground that plaintiff had not complied with the provisions of the statute in respect to the payment of costs, which motion was overruled. He also moved the court to dismiss the case on the grounds that the notice in writing required by statute in respect to the trial of the case was not given until January 28, 1941, and that no order had been entered in the case from February 25, 1938, until October 22, 1941, which motion was likewise overruled. Then it was that plaintiff demurred to the special plea as hereinabove noted. Following these actions of the court, all matters of law and fact were submitted to the court in lieu of a jury, whereupon the court found for the plaintiff and entered judgment in her favor against B. S. Messenger for the sum of $770.31 and costs accruing since February 25, 1938. Objections were made and exceptions taken to the several actions of the court, and, on petition of the defendant Messenger, we awarded this writ of error. The errors assigned covered the various actions of the court to which objections were made and exceptions taken.

It is assigned as error that the court should not have reinstated the case on the docket on February 25, 1938, without requiring the payment of all costs to that date, and that it was error to overrule the motion made to set aside such reinstatement order. We do not think this assignment has any merit. In the absence of a showing to the contrary, it may be safely assumed, we think, that the costs, which the court certified had been paid, were all the costs incurred by the plaintiff to that date.

Another assignment is that it was error to overrule the

motion to dismiss the case, because no notice in writing had been given to the intention of the plaintiff to try the case until January 28, 1941. We see no error in this ruling for the reason that matters connected with the trial and continuance of a case are generally within the discretion of the court; do not in any way go to the merits thereof; and the action of the trial court in relation thereto will not be disturbed unless there has been grave abuse of discretion, which we do not think appears herein. Furthermore, the notice required by Code, 56-8-13 was in fact given, and shows on its face that the action had been reinstated. The fact that it was not tried at the term to which the notice relates is not material.

We find no fault with the action of the court in sustaining the demurrer to the special plea, unless it be that for reasons hereinafter stated the case was not in a position where any order could be entered therein. The special plea is clearly insufficient, and, had a demurrer been interposed thereto at the proper time, should have been sustained. Code, 45-1-1 and 2, which provide that after notice by a surety to the holder of a note to sue thereon, the holder is, in effect, required to institute suit against persons not insolvent, on pains of losing his right to recover against a surety, afford no argument for the proposition that such notice can be served upon an attorney for the holder. The recent case of *Williams* v. *Zimmerman,* 124 W. Va. 458, 20 S. E. 2d 785, discusses the application of these statutes.

This leaves two further assignments of error, which will be taken up separately.

The first is the action of the trial court in overruling the motion to quash the notice. In a notice of motion proceeding the notice performs the function of a summons and declaration. *Stuart* v. *Carter,* 79 W. Va. 92, 90 S. E. 537; *Bank* v. *Dixon,* 94 W. Va. 21, 117 S. E. 685. Therefore, the notice to quash was permissible. The notice to quash was equivalent to a demurrer to the notice. *County Court* v. *Thornburg,* 65 W. Va. 185, 63 S. E. 975; *Jennings*

v. *Wiles,* 82 W. Va. 573, 96 S. E. 1009. And, while the record does not show the grounds assigned for such motion, if we treat it as a demurrer, any defects appearing therein may be taken into consideration by the court on its own accord. Code, 56-4-36. The notice of motion clearly fails to allege the death of Hortense Woofter, and the appointment and qualification of Opie W. Kitson as her administratrix. In the case of *Austin* v. *Calloway,* 73 W. Va. 231, 80 S. E. 361, it was held, "A declaration by an administrator, suing as such, upon a cause of action accruing to his intestate in his lifetime, which fails to aver that the plaintiff was appointed and qualified as such administrator, is bad on demurrer". This ruling has been upheld in *Perry* v. *New River & Pocahontas Consolidated Coal Co.,* 74 W. Va. 122, 81 S. E. 844; *Moss* v. *Campbells Creek R. R. Co.,* 75 W. Va. 62, 83 S. E. 721; *Crockett* v. *Black Wolf Coal Co.,* 75 W. Va. 325, 83 S. E. 987; *Potts* v. *Union Traction So.,* 75 W. Va. 212, 83 S. E. 918; *Neil* v. *West Virginia Timber Co.,* 75 W. Va. 502, 84 S. E. 239; *Byer* v. *Paint Creek Collieries Co.,* 76 W. Va. 641, 86 S. E. 476; *Brogan* v. *Union Traction Co.,* 76 W. Va. 698, 86 S. E. 753. But in *Moss* v. *Railroad Co., supra,* it was held that "Where there is no error as to the trial on the merits of the action, but there is technical error in the overruling of a demurrer to the declaration, in that the appointment and qualification of the plaintiff as administratrix is not averred, which point was not expressly raised or deemed of consequence in the court below, a new trial will be limited to the issue made on the omitted averments when supplied." This rule was followed in *Crockett* v. *Black Wolf Coal & Coke Co., supra; Neil* v. *West Virginia Timber Co., supra; Byer, Admx.* v. *Paint Creek Collieries Co.,* 76 W. Va. 641, 86 S. E. 476. The several holdings which require an allegation of the appointment and qualification of the administrator were made in cases in which the declarations were defective for that reason; but the same rule must necessarily apply to notices of motion for judgment, because Code, 56-2-6,

provides that "Defense to any such motion may be made in the same manner and to the same extent as to an action at law". We must, therefore, hold that the motion to quash should have been sustained, and the judgment entered by the court on the motion for judgment must be set aside, subject to the right to amend the same, unless subsequent actions in the case prevent any order of any character from being hereafter entered therein. That question is involved in the assignment of error which we will now consider.

From the order entered by the court on October 22, 1941, it appears that, pending the progress of the case, the original plaintiff died, and her death was at that time suggested upon the record. Code, 44-1-9, provides that "* * * in any estate in which there is no will, on the death, resignation or removal of the administrator of such estate, administration of the estate, not already administered, may be granted, to such person as the court shall find it proper to appoint; and no executor or administrator of an executor or administrator shall have authority as such to administer the estate of the first testator or the first intestate". Section 16 of the same article makes provision for the transfer to the administrator *de bonis non* of unadministered assets. Obviously, under these statutes, if it was sought to revive the action, it should have been done in the name of the administrator *de bonis non*. See also 21 Am. Jur., page 819, Sections 782-3. Instead of this, revival was attempted to be made in the name of the administratrix of the administratrix. The administratrix of Opie W. Kitson, deceased, had no title to or interest in any part of the estate of Hortense Woofter, and could not maintain a suit or action thereon, or have a suit or action already in existence, instituted by the personal representative of Hortense Woofter, revived in her name as such. The order of revival or substitution was absolutely void, and furnishes no basis for the entry of the judgment complained of. Whether the suggestion of the death of Opie

W. Kitson on the record, and the motion which was, in effect, that the case proceed in the name of her administratrix, required a proper revival by the personal representative of the Woofter estate of the action within two terms thereafter, under the provisions of Sections 5 and 8 of Article 8, Chapter 56 of the Code, is not now before us and is not decided. However, this question has been twice recently considered by this Court in *Dankmer* v. *City Ice & Fuel Co.*, 121 W. Va. 752, 6 S. E. 2d 771, and 123 W. Va. 492, 17 S. E. 2d 441.

The judgment of the Circuit Court, awarding judgment in favor of Mary Elizabeth Kitson, administratrix of the estate of Opie W. Kitson, deceased, as against the defendant, B. S. Messenger, is reversed; the order of said court entered on the 22nd day of October, 1941, directing the case to proceed in the name of said Mary Elizabeth Kitson, as administratrix of Opie W. Kitson is declared void; and the case is remanded for such further proceeding, if any, as may be open to the representative of the estate of Hortense Woofter.

*Reversed and remanded.*